GROSS et al. v. MENDEL et al.

(Supreme Court, Appellate Division, First Department. February 11, 1916.)

1. EVIDENCE ⬳18—JUDICIAL NOTICE—VALUE OF FOREIGN MONEY.

In an action by the drawer of bills of exchange, payable to himself at Leipzig, Germany, in marks, accepted by defendants and protested, the court could not take judicial notice that under the customs rules of the United States Treasury Department the value of a mark is 23.8 cents.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 22; Dec. Dig. ⬳18.]

2. BILLS AND NOTES ⬳529—ACTION AGAINST ACCEPTOR—MEASURE OF DAMAGES—"RE-EXCHANGE."

Defendants, residing in England, who accepted plaintiff's bills of exchange drawn by and payable to plaintiff at Leipzig, Germany, in marks, and who failed to honor the bills, were liable in plaintiff's action, brought in the United States, in a sum sufficient to have purchased the marks when defendants agreed to pay them, and not at the time of the trial, with protest fees and interest from that time to the entry of judgment at the rate of 6 per cent., since, in such case, plaintiff, on defendants' refusal to pay the bills, might, except for the war then existing between England and Germany, have immediately drawn upon defendants at London for the number of pounds which would have purchased at Leipzig, Germany, the number of marks called for, together with the protest fees; such transaction being a "re-exchange," meaning the amount for which a bill may be purchased in the country where the original bill is payable, drawn upon the drawer in the country where he resides, which will give the holder a sum exactly equal to the amount of the original bill when it ought to be paid, or when he is able to draw the re-exchange bill, together with the expenses and interest, that being precisely the sum which will indemnify the holder for its nonpayment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1934, 1935, 1936; Dec. Dig. ⬳529.]

Appeal from Special Term, New York County.

Action by Albert B. Gross and others against Arthur Mendel and others. From a judgment for plaintiffs, entered upon decision after trial, defendants appeal. Modified and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

James Garfield Moses, of New York City, for appellants.
Benjamin Berger, of New York City, for respondents.

McLAUGHLIN, J. The plaintiffs, at the times hereinafter mentioned, were citizens of the United States, residents of the state of New York, doing business under the firm name of Gross, Engel & Co., and the defendants during the same time were doing business in Lon-

don, England, under the firm name of Arthur Mendel & Co. This action is brought to recover upon three causes of action—the complaint alleging, in substance, that on the 15th of April, 1914, the defendants, at London, England, accepted a bill of exchange drawn by and payable to the plaintiffs on August 15, 1914, at Leipzig, Germany, for 7,000 marks, German money; that on the 26th of February, 1914, the defendants likewise accepted a bill of exchange drawn by and payable to the plaintiffs, at the same place, on September 30, 1914, in the sum of 8,400 marks, German money; and that on the 22d of April, 1914, defendants also accepted a bill of exchange drawn by and payable to the plaintiffs, at the same place, on December 31, 1914, in the sum of 2,000 marks, German money. The complaint further alleges that these bills of exchange were duly presented for payment at the time and place where the same were payable, that they were not paid, and were thereupon protested at an expense to the plaintiffs in the first instance of 14 marks and 13 pfennigs, in the second 28 marks, and in the third 11 marks and 55 pfennigs. Each cause of action contains an allegation that a German mark is equivalent in United States money and worth the sum of 23.8 cents and was of the same value at the time of maturity of the respective bills of exchange. Judgment is demanded in a sum equivalent to the number of marks specified in the bills of exchange, computed at the rate of 23.8 cents, with interest at the rate of 7 per cent., the legal rate alleged to be due under the German law, from the time of the respective defaults, together with the protest fees.

The answer put in issue the allegation of the complaint that a German mark is equivalent in United States money and worth 23.8 cents, but admitted the acceptance and nonpayment of the bills of exchange, and set up certain matters as a defense which it is unnecessary to consider, since the same was not, apparently, relied upon at the trial, or urged upon the argument of the appeal; also a counterclaim, amounting to $471.13 and interest thereon from May 31, 1914.

At the trial no witnesses were sworn, the facts being stipulated, and in addition to those hereinbefore stated it appeared that 4 marks were worth, in United States money, on September 30, 1914, 95⅜ cents, and on December 31, 1914, 88⅝ cents. The learned justice at Special Term found that a German mark was worth, in United States money, 23.8 cents and computed at this rate, with interest at the rate of 6 per cent. from the time of the respective defaults, after deducting the amount of the counterclaim, with interest thereon from the time the same became due, left a balance of $3,893.89 due the plaintiffs, for which he gave judgment. The defendants appeal.

I think the judgment is substantially correct, and, were it not for the fact that the conclusion reached by the trial court is the result of an application of an improper rule to be applied in ascertaining plaintiffs' damage, the judgment, with a slight modification, might be affirmed without opinion.

[1] The complaint alleged the value of the mark to be that adopted by the trial court, but this allegation was put in issue by the answer. No evidence whatever was offered to establish that fact, and the find-

ing in that respect is therefore without evidence to sustain it. Respondents' counsel, in the brief presented, urges that, under the rules adopted by the United States Treasury Department for the collection of customs, the value of a mark is as found by the court; the inference being that the court could take judicial notice of that fact, without any evidence to establish it. I do not think the court could take judicial notice of the fact, nor do I think that value applicable to ascertain the damage sustained by the plaintiffs in the present controversy.

[2] The defendants agreed to pay to the plaintiffs, in Germany, on the dates specified in the respective bills of exchange, the number of marks therein called for. Having failed to do this, the plaintiffs were entitled to recover, in United States money, the action being brought here, a sum sufficient to have purchased the marks at the time the defendants agreed to pay them, with protest fees, and interest from that time to the entry of judgment, at the rate of 6 per cent. This is precisely what I think the plaintiffs were entitled to recover—no more and no less. To hold otherwise would be to give one party or the other an advantage, depending upon the fluctuating value of the mark. There is no reason, as it seems to me, why a different rule should be applied in the case of foreign money, where a recovery is sought here in our money, than would be applied to contracts for the delivery of wheat, cotton, or other specific articles of merchandise. When the defendants refused payment of the bills of exchange, which they had accepted, the plaintiffs, except for the war then existing between England and Germany, could have immediately drawn upon them at London for the number of pounds which would have purchased, at Leipzig, Germany, the number of marks called for, together with the protest fees. This is what is termed "re-exchange," and is defined in 2 Daniels on Negotiable Instruments, § 1445, as:

"The amount for which a bill may be purchased in the country where the original bill is payable, drawn upon the drawer in the country where he resides, which will give the holder a sum exactly equal to the amount of the original bill at the time when it ought to be paid, or when he is able to draw the re-exchange bill, together with the expenses and interest, for that is precisely the sum which the holder is entitled to receive, and which will indemnify him for its nonpayment."

Plaintiffs, being unable to redraw, did what they had a right to do, brought an action in this jurisdiction; and they ought to recover here in United States money an amount which, at the time of the respective defaults, would have purchased what the defendants agreed to pay, together with the interest and protest fees. But it is strenuously urged that the amount to be recovered ought to be a sum which would purchase the number of marks called for at the time of the trial instead of at the time the payments ought to have been made. There are authorities which seem to sustain this contention, of which Hawes v. Woolcock, 26 Wis. 629, is, so far as I have been able to discover, the leading one. But there are also authorities, especially in our own state, that indicate, at least inferentially, that the amount to be recovered should be a sum sufficient to purchase the amount of foreign money at the time and place of the default. Pavenstedt v. N. Y. Life

Ins. Co., 203 N. Y. 91, 96 N. E. 104, Ann. Cas. 1913A, 805; Chrysler v. Renois, 43 N. Y. 209; Scofield v. Day, 20 Johns. 102; Comstock v. Smith, 20 Mich. 338; Bissell v. Heyward, 96 U. S. 580, 24 L. Ed. 678. I have been unable, by reason of the peculiar facts involved, to find an authority directly in point; but the rule above suggested, I think, does justice to both parties.

There is no finding as to what a mark was worth in United States money on the 15th of August, 1914, at the time the first bill of exchange was payable. But, accepting the amount found as of the value on September 30, 1914, the nearest date when the value of a mark is shown, and applying the rule as above indicated (which I think should be applied), then the plaintiffs were entitled to a judgment:

| | | |
|---|---:|---:|
| On the first bill......................................... | $1,669 06 | |
| Interest thereon at 6 per cent........................... | 99 86 | $1,768 92 |
| On the second bill....................................... | $2,002 88 | |
| Interest thereon at 6 per cent........................... | 104 82 | 2,107 70 |
| On the third bill........................................ | $ 443 13 | |
| Interest thereon at 6 per cent........................... | 16 47 | 459 60 |
| Protest fees............................................. | | 12 59 |
| Making in all........................................... | | $4,348 81 |
| Less the amount of the counterclaim.................... | $ 468 94 | |
| Interest thereon at 6 per cent......................... | 33 84 | 502 78 |
| Balance ................................................ | | $3,846 03 |

—besides the costs and disbursements of the action.

The judgment appealed from, therefore, is modified as indicated in this opinion, and, as modified, affirmed, with costs to the respondents. Findings of fact Nos. 7, 14 and 20 are reversed, and the conclusions of law, in so far as inconsistent with this opinion, are also reversed. Settle order on notice, when error, if any, in computation, may be corrected. All concur.