MARIE ANTOINETTE SIRIE, Appellant, *v.* MARIE H. GODFREY, Respondent.

First Department, April 29, 1921.

Sales — action to recover price of wearing apparel purchased in France — French law governs — plaintiff entitled to recover in American money equivalent of francs stipulated in contract at rate of exchange at time of judgment — tender after action commenced not including costs is insufficient — payment into court on non-acceptance of tender — plaintiff not entitled to interest on purchase price.

The time when an account arising from the purchase of wearing apparel in France becomes due must be determined by the law of France.

In an action to recover the purchase price of wearing apparel purchased in France in 1913 and 1914 for a stated number of francs, *held*, that the contract between the parties was a simple one of sale of merchandise to be paid for by the defendant in francs, and though the defendant failed to pay said indebtedness when the same became due the plaintiff cannot recover the American equivalent of the number of francs, the purchase price of the merchandise, at the rate of exchange at the time said indebtedness was payable, but at most the plaintiff is entitled to recover in American money the equivalent of the francs stipulated in the contract at the rate of exchange prevailing at the time of the rendition of judgment.

At any time before suit was brought the defendant could have tendered plaintiff at Paris, France, the number of francs stipulated in the contract in full payment of her claim and plaintiff would have been compelled to accept the same.

The tender by the defendant to the plaintiff of drafts for francs after the commencement of the action, the amount of which did not include the costs of the action, was insufficient under section 731 of the Code of Civil Procedure.

Furthermore, the defendant did not keep her tender good on the refusal of the plaintiff to accept, by paying the amount into court, and serving notice in writing thereof upon the plaintiff's attorney before the trial and within ten days after the tender, as required by section 732 of the Code of Civil Procedure.

It was not necessary for the defendant to include in her tender interest upon the plaintiff's claim since it was not shown that under the French law interest was recoverable.

APPEAL by the plaintiff, Marie Antoinette Sirie, from a judgment of the Supreme Court in favor of the defendant,

entered in the office of the clerk of the county of New York on the 27th day of December, 1920, upon the decision of the court, rendered after a trial at the New York Trial Term, the parties having consented in open court that the case be tried by the court without a jury upon stipulated and agreed facts.

*Theron L. Carman* of counsel [*Joseph H. Lecour* with him on the brief], for the appellant.

*Henry M. Earle*, for the respondent.

MERRELL, J.:

This action is brought by the plaintiff, a Parisian modiste and dealer in ladies' wearing apparel, to recover of the defendant, a resident of New York, the equivalent in American money of 10,450 francs, French money, the reasonable value and agreed price of certain gowns made by plaintiff for defendant and sold and delivered to defendant in July and August, 1913, and in the month of July, 1914, delivery thereof to the defendant having been made in France and in the United States. No terms of credit were specified in connection with the sale and delivery of said goods, and it is the claim of the plaintiff that the purchase price thereof, to wit, the sum of 10,450 francs, became due and payable upon the delivery of said merchandise to the defendant. The record, however, does not seem to support such contention. This contract having been made in France, the law of that country governs, and there was no proof upon the trial as to when, under the French law, the debt upon which plaintiff has sued became due. It appeared upon the trial that at the rate of exchange prevalent in the years 1913 and 1914 the equivalent in American money of 10,450 francs was $2,004.79, and plaintiff insists that she is entitled to recover of the defendant as the price of said merchandise in American money the last-mentioned amount. The defendant, on the other hand, asserts that as this was a sale of goods in France, payable in 10,450 French francs, the plaintiff cannot recover more than the contract price or its equivalent in American money at the time of the rendition of judgment. Admittedly, the value of French francs at the current rate of exchange and as

measured by American money was, at the time of the trial, much less than at the time of the sale and delivery of the merchandise in question.

The action was brought by the service of the summons and complaint herein upon the defendant personally in the State of New York on May 10, 1920, and, as before stated, the plaintiff demanded judgment in her complaint against the defendant for the sum of $2,004.79, with interest from December 1, 1913, besides the costs of the action.

The defendant, in her answer, by not denying the allegations of the complaint, admits the sale and delivery of the articles of merchandise referred to in said complaint, and that the work, labor and services performed and the materials furnished by the plaintiff to defendant were reasonably worth and that the defendant agreed to pay therefor the sum of 10,450 francs, French money. The defendant, however, denies in her answer that payment of said sum was duly demanded, and that no part of the same has been paid. The defendant also denies the allegations of the complaint that the equivalent of 10,450 francs, French money, in money of the United States of America at the time said sum became due and payable was the sum of $2,004.79, and denies that there is now justly due and owing to the plaintiff the said sum with interest from December 1, 1913, and as a separate defense the defendant alleges full payment, satisfaction and discharge of plaintiff's alleged claim prior to the commencement of said action, together with all costs, by payment to the plaintiff of the said sum of 10,450 francs.

The facts upon which the issues were submitted to the court were stipulated upon the trial, and from such stipulation and concessions made upon the trial it appears that on May 4, 1920, six days prior to the service of the summons and complaint herein upon the defendant, the defendant forwarded to the plaintiff at Paris, France, on account, a draft for 6,000 francs, and that on May 14, 1920, four days after the service of the summons and complaint herein, the defendant forwarded to the plaintiff a further draft for 4,450 francs. These two drafts, for an aggregate of 10,450 francs, or the amount of the purchase price of said goods and material furnished and labor performed thereon by plaintiff to defendant, were received by

the plaintiff and were by her turned over to her attorney in New York, who in turn wrote the defendant on June 28, 1920, that plaintiff had forwarded the two drafts to him, and that said drafts had not been and would not be accepted in payment and settlement of plaintiff's claim against the defendant, and that said drafts were held by the attorney, subject to the defendant's order, and thereafter, on July 13, 1920, the plaintiff's attorney again wrote the defendant, quoting to her his letter of the twenty-eighth of June and stating that he had at that time sent a copy of said letter to defendant's attorney in the pending suit brought by plaintiff against the defendant, and that the plaintiff's attorney had not received any answer to his communications, and that the defendant had not sent for the drafts mentioned nor indicated what disposition defendant wished made of them, and stated that the writer was again writing the defendant and sending a copy of his letter to her attorney, thinking possibly his former letters might not have reached the defendant and her attorney.  It does not appear that the defendant or her attorney ever consented to the return of said drafts, and the same were retained by the plaintiff's attorney until the time of the trial when said drafts were produced and the offer of the plaintiff to return the same to the defendant was renewed, but the return thereof was not accepted by said defendant, and, so far as appears, the two drafts, representing 10,450 francs, were still in the possession of the plaintiff or her attorney at the time of the trial.

It was stipulated at the trial that the issues might be tried by the court without a jury and a decision rendered by the court, with findings of fact and conclusions of law, and that a jury was waived.

There was stipulated in evidence four letters, written by the plaintiff to the defendant, relative to payment by the defendant of the purchase price of said goods.  The first of these letters was dated November, 1914, and was as follows:

" *November*, 1914.

" MADAME.— I am sending you the amount of your bill and I am obliged to ask you to give me a big account on it for the end of this month as I have very great difficulty with the money.

" I must absolutely pay my suppliers before the new year so I have big payments to meet.

" If really it is impossible for you to give me an amount sufficient I am obliged to give your bill to some one of my suppliers in payment who will send it to you and take an arrangement with you.                       " Yours respectfully,

                                                      " A. S."

Plaintiff's second letter to the defendant was dated at Paris on January 22, 1915, and was as follows:

                                        " PARIS 22 *Janv.* 1915

" MADAME.— Having received no answer to my letter of November last in which I requested a cheque, I was compelled to draw on you at sight.   The draft will be collected by Messrs. Schulz and Ruckgaber of your City.

                                        " Yours respectfully,

                                                      " A. S."

Plaintiff's third letter to the defendant bears date January 4, 1917, and was as follows:

                                        " 4th *Janv.* 1917

" MADAME.— I should be very obliged if you would send me and a/c on my invoices if you cannot pay it entirely.

" I am in the absolute necessity to collect my accounts and unless I receive a satisfactory answer I shall be compelled to draw on you.                      " Yours respectfully,

                                                      " A. S."

And the final letter from plaintiff to defendant, written from Paris on October 4, 1919, was as follows:

                                        " 4/10/19.

                        " SIRIE

                  " ROBES, MANTEAUX,

            " 101 Avenue des Champs, Elysees—

" MADAME.— Enclosed you will find again your account amounting besides interest to frs.

" This account being due for dresses supplied prior 1914 I must ask you to be kind enough to send me a cheque within these next days without fail.      " Yours respectfully,

" Mrs. GODFREY.                                A. SIRIE."

Attached to this last letter and therein referred to was a statement of the plaintiff's account against the defendant in words and figures as follows:

" SIRIE

" ROBES, LINGERIE, FOUREURES

" Telephone         101 Avenues des Champs Elysees

" Passy–29–55              Paris

" Mrs. HENRY GODFREY                  Doit

    " Guinea Woods Loodge

" Paris le 6 Octobre 1919         Roslyn, Long Island

" 1913 Juillet 2351   1 Robe de toile blanche......

          2348   1 Robe ' Favorite ' Blanche Brodee.................

          2345   1 Tea gown bleu manteau cerise ..................

          2346   1 Robe de jour grise avec jaquette ...............

          2349   1 Saut de lit rose fond mousselline rose ..............

          2350   1 Robe de soir ' tris ' noire...

          2347   1 Robe de drap noit et jaquette.................    } 6,000

                Supplement col dentelle ancienne ..............    200

" 1913 Aout 2416   1 Robe toile tussor garnie dentelle ................    650

" 1914 Juillet 3723   1 Robe blanche brodee cristal et argent...............    575

          3726   1 Manteau en soie noire brode..................    950

          3727   1 Robe ' Mexico ' en lainage garnie taffetas............    700

                Supplement dentelle.........    100

          3728   1 Blouse en dentelle.........    375

                                    " 10,450 "

So far as the record shows, the four letters of the plaintiff to the defendant hereinbefore quoted constitute all of the

correspondence and communications between the parties relative to plaintiff's claim against the defendant. The evidence does not disclose that the defendant replied to any of plaintiff's letters to her or the requests for payment therein contained, nor does it appear that the plaintiff ever drew upon defendant for the amount of her account.

It was stipulated upon the trial that the defendant had an open account with the plaintiff and purchased goods from time to time during a period of years, and the court, in its fifth finding of fact, found as follows:

" *Fifth.* Over a period of years and between July 1st, 1913, and May 14th, 1920, defendant had an open running account with the plaintiff, and from time to time between July 1st and August 31st, 1913, and prior thereto, defendant purchased gowns, wraps and other wearing apparel from the plaintiff upon said account, all of which such purchases were made in Paris, France and deliveries were made in France and the United States."

So far as I am able to discover from the record the fifth finding of fact is unsupported by any proofs in the case, save the concession with reference to an open account above referred to and save for the attitude of the plaintiff toward the defendant as revealed by plaintiff's letters above quoted. It does not appear from the record that there was any statement of defendant's account rendered to defendant by plaintiff prior to that contained in plaintiff's letter to defendant of October 4, 1919.

It was also stipulated upon the trial that at the highest rate of American exchange for sight drafts on France during the year 1913, 5.21¼ francs French money were equivalent to one dollar in American money; that at the lowest rate of exchange for sight drafts during the year 1914, 5.20⅝ francs of French money were equivalent to one dollar in American money; that at the highest rate of American exchange for sight drafts on France during the year 1914, 4.60 francs were equivalent to one dollar in American money in the United States. It is the claim of the plaintiff that at the rate most favorable to defendant in 1913 and 1914, 10,450 francs was equivalent to $2,004.79, American money, and that the plaintiff is entitled to recover in this action judgment in American

money at the rate of exchange which prevailed at the date defendant's debt to plaintiff fell due. Defendant insists, however, that this was a simple contract between the parties for the purchase of goods made in Paris, France, for the agreed price of 10,450 francs, and that the most that the plaintiff can recover is the equivalent of said 10,450 francs at the rate of exchange prevalent at the time of the rendition of judgment.

The court, upon the trial, held with the defendant, finding that the transactions between the plaintiff and the defendant constituted a simple contract for the purchase of goods made in France upon an open running account between the plaintiff and the defendant, said goods to be delivered by the plaintiff to the defendant in France and the United States, and to be paid for in French currency at Paris, France, and that the dollar and its value had nothing to do with the transaction. The court also held that the defendant fully paid and discharged the claim of the plaintiff herein sued for by the delivery of the two drafts amounting in the aggregate to 10,450 francs. The court further held that the " plaintiff waived any and all rights which she had that the drafts delivered by the defendant to her did not constitute legal tender," the court also holding that the defendant had made no legal tender to the plaintiff of the whole or any part of the amount due her and sought to be recovered herein. Upon the decision of the court judgment was entered in defendant's favor dismissing the complaint, together with defendant's taxable costs and disbursements of the action.

I think the court correctly decided that the contract between the parties was a simple one of sale of merchandise to be paid for by the defendant in French francs. I am further of the opinion that, even assuming that the defendant failed to pay said indebtedness when the same became due, nevertheless, the plaintiff cannot recover upon the trial the American equivalent of 10,450 francs, the purchase price of said merchandise, at the rate of exchange at the time said indebtedness was payable, but that at most the plaintiff was entitled to recover in American money the equivalent of the French francs stipulated in the contract at the rate of exchange prevailing at the time of the rendition of judgment. This

was a French contract for the sale in France of French goods for which the purchaser agreed to pay in French francs at Paris, France. At any time before suit was brought the defendant could have tendered the plaintiff at Paris, France, the 10,450 francs in full payment of her claim, and plaintiff would have been compelled to accept the same. Indeed, as late as October 4, 1919, but seven months prior to the commencement of the action, in her letter to defendant, the plaintiff claimed no more than payment of the 10,450 francs in discharge of defendant's indebtedness to her. The purchase price of the goods in question was not payable in American dollars, nor was it payable in German marks. It was payable in French francs, and by merely bringing action in this jurisdiction, the plaintiff, I apprehend, acquired no right to a more favorable judgment than she could have obtained had action been brought in France.

The plaintiff, in support of her position, relies upon the case of *Gross* v. *Mendel* (171 App. Div. 237; affd., 225 N. Y. 633). That case passed through this court, and it was held here that in a case where the plaintiffs, who were doing business in the State of New York, drew bills of exchange upon a London concern, payable at a particular time in German marks at Leipzig, Germany, and which bills of exchange were accepted by the drawees in London, but were dishonored upon presentation at Leipzig, the plaintiffs could bring action here and recover a sum sufficient to have purchased the German marks at the time the defendants agreed by their acceptance to pay them. It seems to me that the *Mendel* case is clearly distinguishable from the situation presented in the case at bar. That case involved merely a sale of foreign exchange. The drawers presumably were compelled to have on the dates when the bills of exchange were made payable at Leipzig, Germany, the German marks called for in said bills of exchange. They drew upon their London debtors therefor and the drafts were accepted, the London concern thereby agreeing to have upon the dates when said bills of exchange were payable at Leipzig, Germany, the number of marks specified. Having failed to have said marks there when said bills of exchange fell due, the drawers were required to purchase sufficient marks to meet said drafts, and this court held that the drawers were

entitled to maintain action against their London debtors to recover a sum of money sufficient to have purchased the marks at the time the defendants agreed to pay them. In other words, the procedure involved in the *Mendel* case seems to me no less than a transmission of money from this country to Germany, accomplished through the instrumentality of the said bills of exchange, and when said bills became due, the defendants not having the marks in readiness at Leipzig to meet them, it was incumbent upon the plaintiffs to procure the necessary marks to meet said bills of exchange which they had drawn, and they were allowed to recover a sum of money sufficient to procure the same upon the dates when they fell due. The situation in the case at bar is entirely different. This is not the exchange of money, but the payment for goods purchased and sold through a medium of exchange, namely, French francs, specified in the contract. The plaintiff might have brought action immediately upon the sale and delivery for the purchase price of said goods, and could have recovered of the defendant at that time the equivalent of the 10,450 francs in American money at the then prevailing rate of exchange. Having delayed in bringing her suit, she was only entitled to recover that for which she sold the goods at the rate of exchange prevailing at the time of recovery.

I am unable, however, to acquiesce in the finding of the learned trial court to the effect that the defendant had fully paid and discharged the claim of the plaintiff herein sued upon prior to the institution of suit by the delivery of the two drafts for 6,000 and 4,450 francs, respectively. The court erroneously stated in its opinion that the defendant tendered before the institution of this action the amount due for the goods, namely, 10,450 francs. As a matter of fact, this action had actually been commenced by the service of the summons and complaint prior to the delivery by the defendant to the plaintiff of either of said drafts, and while it is true that the plaintiff made no objection to the form of the tender made by the defendant, yet, under the provisions of section 731 of the Code of Civil Procedure, the delivery of the drafts in question did not comply with the statutory requirements of a tender after suit brought. The defendant, at most, tendered drafts for 10,450 francs in the aggregate, but did not include

in such tender any costs of the action, as required by section 731 of the Code, nor did she comply with section 732 of the Code of Civil Procedure, which required the defendant, in order to avail herself of such tender, in case of non-acceptance thereof, to pay the same into court and serve notice thereof in writing upon the plaintiff's attorney before the trial and within ten days after the tender. The delivery of the drafts in question was, I think, entirely insufficient to prevent a recovery on plaintiff's part of the amount due her from the defendant, besides costs.

The plaintiff also contends that the attempted payment by the defendant, through said drafts, was insufficient because no interest upon the plaintiff's claim was included therein. I do not think the proofs adduced upon the trial justify the recovery of interest by plaintiff upon her claim. No proof was given upon the trial that under the French law interest upon the plaintiff's account was recoverable. No proof whatever was given as to the matter of interest under the French laws.

I am of the opinion that the plaintiff was entitled to recover judgment herein against the defendant upon the proofs presented for the equivalent in money of the United States of America of 10,450 francs at the rate of exchange prevailing at the time of the trial. If the record contained the necessary proofs from which could be determined the equivalent of 10,450 francs in money of the United States of America as of the time of the trial, we could modify the judgment appealed from by permitting a recovery by plaintiff of the amount her due. But such proofs were not made.

The judgment must, therefore, be reversed and a new trial granted, with costs to the appellant to abide event, unless the parties will stipulate the equivalent in American money of 10,450 francs, French money, as of the time of the trial herein, in which event the plaintiff, upon returning to the defendant the drafts already delivered to her by defendant, shall have judgment against defendant for the amount so stipulated, together with the taxable costs and disbursements of the action.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event, unless parties stipulate as stated in opinion, in which event, on plaintiff's returning drafts, judgment ordered for plaintiff for the amount so stipulated, with costs.