OLGA I. HOPPE, Respondent, *v.* RUSSO-ASIATIC BANK, Appellant.

**Judgment — rate of exchange to be applied in determining amount of judgment where plaintiff is primarily entitled to recover sum in foreign currency.**

Where plaintiff in an action for breach of contract or for tort is primarily entitled to recover a sum expressed in foreign money, the rate of exchange prevailing at the date of the breach of the contract or at the date of the commission of the tort is under ordinary circumstances to be applied in determining the amount of the judgment expressed in our currency.

*Hoppe* v. *Russo-Asiatic Bank,* 200 App. Div. 460, affirmed.

(Argued January 16, 1923; decided January 30, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 22, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The complaint set up two causes of action. The first alleged the residence of the plaintiff in this state; that defendant is a Russian banking corporation; that a firm known as B. B. Hoppe & Co. was of the nature of a corporation or special partnership organized and existing under the laws of

Russia; that on January 15, 1918, defendant at its Paris branch received from the Société des Forces Motrices et Usines de l'Arve a check on the National Bank of Credit for the sum of 559,000 francs, the proceeds of which it agreed to pay to B. B. Hoppe & Co., or upon its order, at defendant's London office; that on the 18th day of January, 1918, defendant collected this check; that on or about January 30, 1918, a demand was made for the payment of the proceeds thereof in pounds sterling upon defendant's London branch; that the defendant refused to make such payment, and that on May 22, 1919, the cause of action was assigned by Hoppe & Co. to the plaintiff. The second cause of action repeated most of the allegations of the first cause of action, and set up that, on or about January 18, 1918, the defendant received for the use of Hoppe & Co. the sum of 559,000 francs, which, although duly demanded, defendant refused to pay.

The measure of damages adopted by the trial court in directing the verdict and approved by the Appellate Division was the value in United States currency of the sterling equivalent of the 559,000 francs on the date of the alleged demand. Defendant contended that their value on the date of rendition of judgment should be the measure of damages.

*Joseph H. Choate, Jr.,* and *Maurice Leon* for appellant. The trial court erred in the measure of damages which it adopted. (*Sirie* v. *Godfrey,* 196 App. Div. 529; *The Hurona,* 268 Fed. Rep. 910.)

*Joseph M. Hartfield* and *Vermont Hatch* for respondent. The measure of damages applied by the trial court was correct. (*Gross* v. *Mendel,* 171 App. Div. 237; 225 N. Y. 633; *Pavenstedt* v. *N. Y. Life Ins. Co.,* 203 N. Y. 91; *Barry* v. *Van Den Hurk,* 1920, 2 K. B. D. 709; *De Ferdinando* v. *Simon, Smits & Co.,* 1920, 3 K. B. 409; *Page* v. *Levinson,* 281 Fed. Rep. 555.)

*Per Curiam.* The judgment appealed from should be affirmed, with costs.

Held: In an action properly brought in the courts of this state by a citizen or an alien to recover damages, liquidated or unliquidated, for breach of contract or for a tort, where primarily the plaintiff is entitled to recover a sum expressed in foreign money, in determining the amount of the judgment expressed in our currency the rate of exchange prevailing at the date of the breach of contract or at the date of the commission of the tort is under ordinary circumstances to be applied. (*Gross* v. *Mendel*, 171 App. Div. 237; affd., 225 N. Y. 633.)

HISCOCK, Ch. J.; HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.