ALFRED ORLIK, Respondent, v. WIENER BANK VEREIN, Appellant.

First Department, March 2, 1923.

Banks and banking — action by American depositor in Austrian bank to recover damages for failure to pay deposit — depositor entitled to recover exchange value in American money as of date of breach of contract.

In an action by an American depositor in an Austrian bank to recover for the failure of the bank to pay over a deposit on demand, the measure of damages is the exchange value in American money as of the time of the breach of the contract.

APPEAL by the defendant, Wiener Bank Verein, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of May, 1922, upon the verdict of a jury rendered by direction of the court.

*Samuel R. Wachtell* [*Louis Manheim* of counsel], for the appellant.

*Gordon S. P. Kleeberg*, for the respondent.

SMITH, J.:

On July 16, 1919, the plaintiff purchased of C. B. Richard & Co. of New York, drafts on the defendant bank in Vienna for 60,000 kronen and paid therefor the sum of $2,190. Later, on the same day, the plaintiff surrendered to Richard & Co. the drafts, and requested them to deposit in his name 60,000 kronen in the defendant bank in Vienna. Richard & Co., having on deposit with the defendant in Vienna upwards of 60,000 kronen, directed the defendant to transfer that number of kronen to the plaintiff, and the result of the plaintiff's transaction with Richard & Co. was that the plaintiff became a depositor with the defendant in Vienna on August 26, 1919, for the sum of 60,000 kronen. On September 2, 1919, the plaintiff, then being in Vienna, demanded the payment of the above kronen. The defendant refused to make the payment, the reason for that refusal being immaterial. The demand by the plaintiff and the defendant's refusal constituted a breach of the defendant's obligation to the plaintiff, and the plaintiff's cause of action came into existence September 2, 1919. On January 10, 1920, the defendant, having discovered its mistake, offered to pay the plaintiff the 60,000 kronen on that day, or its equivalent in dollars at the rate of exchange on that day. As stated above, plaintiff paid on July 16, 1919, $2,190 for the 60,000 kronen. It was stipulated between the parties on the trial that on September 2, 1919, those kronen had a value of $1,380; that on January 20, 1920, they had a value of $420, and that at the time

of the trial, January 16, 1922, they had a value of $19.50. On the trial the defendant contended that its only obligation to the plaintiff was to pay the 60,000 kronen, and that the value of those kronen on the day of the trial was the amount in dollars that the plaintiff was entitled to. The trial judge held that the defendant breached its contract with the plaintiff on September 2, 1919, but as the defendant offered to pay to the plaintiff on January 20, 1920, the sum of $420, the plaintiff was entitled to the difference between those values, namely, $960, with interest from the last-mentioned date, January 20, 1920. We think the trial judge was in error and that the plaintiff should have been entitled to recover a greater sum, but as no appeal has been taken by the plaintiff, the judgment should be affirmed.

In *Gross* v. *Mendel* (171 App. Div. 237) this court said (at p. 241): " The amount to be recovered should be a sum sufficient to purchase the amount of foreign money at the time and place of the default." *Gross* v. *Mendel* was affirmed by the Court of Appeals (225 N. Y. 633) in a memorandum which reads as follows: " The Appellate Division held as a matter of law that all of said bills of exchange were to be converted into money of the United States at the rate of exchange between Leipzig and New York prevailing at the time of maturity of each of said bills of exchange."

In *Hoppe* v. *Russo-Asiatic Bank* (200 App. Div. 460) this court said: " Plaintiff was entitled to recover a sum sufficient for the purchase of the pounds sterling at the time when the defendant refused to honor the demands of B. B. Hoppe & Co., together with interest from that date to the time of entry of judgment." That was a case where the defendant bank had received in Paris a certain amount of money to be paid to Hoppe & Co., at its branch office in London. On demand at the branch office in London the defendant refused to pay the money to the plaintiff. The Court of Appeals, in affirming the *Hoppe* case in a memorandum (235 N. Y. 37), said: " The judgment appealed from should be affirmed, with costs. Held: In an action properly brought in the courts of this State by a citizen or an alien to recover damages, liquidated or unliquidated, for breach of contract or for a tort, where primarily the plaintiff is entitled to recover a sum expressed in foreign money, in determining the amount of the judgment expressed in our currency the rate of exchange prevailing at the date of the breach of contract or at the date of the commission of the tort is under ordinary circumstances to be applied."

We are of opinion that the plaintiff was entitled to a verdict for $1,380, the value of the 60,000 kronen on September 2, 1919,

28

the day of the breach of the defendant's contract. The defendant argues that if this be the correct rule, all banks dealing in foreign currency would be bankrupted. The defendant forgets in advancing this argument that banks very seldom make the mistake of declining to pay their depositors on demand. If such a bank declined to pay all of its depositors on demand, such action would be an act of bankruptcy on its part. The defendant further argues that a decision in plaintiff's favor other than for the $19.50, the value of the kronen at the time of the trial, would be to permit the plaintiff to speculate in advance in the value of the kronen. This argument is equally erroneous, because the plaintiff is entitled only to the value of the kronen as of September 2, 1919. Had they been worth $3,000 at the time of the trial, plaintiff would not be entitled to that increment.

In *Societe des Hotels le Touquet Paris-Plage* v. *Cummings* (L. R. [1922] 1 K. B. 451) a French hotel sued an English lady in the English courts upon a debt for 18,035 francs for board and advances due from her to that hotel at the end of the year 1914. The defendant claimed only to be liable to pay 18,035 francs as of their exchange value at the time of the trial. The Appeal Court reversed the trial court which had held the plaintiff was entitled to the francs as of the value at the time the debt was due. The Appeal Court held that the plaintiff was entitled only to the 18,035 francs, and that the judgment should be for those francs at the exchange value at the date of trial. Plaintiff was a resident of France. In that case SCRUTTON, L. J., says: " In *Pilkington* v. *Commissioners for Claims on France*, 2 Knapp, P. C. 7, the Privy Council *obiter* expressed the opinion that where the French Government had confiscated assignats of the English claimants worth fifty pence in English currency, and had then agreed to make reparation, they could not do so by restoring an equal number of assignats worth twenty pence, but must make good the difference between the value of the assignats at different periods. In that case an English claimant desired compensation from English Courts for a wrong done to him in France, and as personal property follows the domicil, it may be that he was entitled to such an amount in English money as represented the value to him in England of the property confiscated at the time of the confiscation."

In the case of *Di Ferdinando* v. *Simon, Smits & Company, Ltd.* (L. R. [1920] 3 K. B. 409) the Appeal Division of the Kings Bench decided that the date for establishing the equivalent of foreign money in British currency was the date when the breach was committed, the headnote in the case reading as follows: " The

defendants contracted to carry goods for the plaintiff from this country to Italy and deliver them there on February 10, 1919, but in breach of their contract failed to do so, and converted the goods. In an action by the plaintiff the Court fixed the damages as the value of the goods in Italy on February 10, namely, 190 lire per 100 lb. Held, that in arriving at the proper equivalent in British currency for the purposes of assessing these damages, the rate of exchange prevailing between the two countries on February 10, 1919, when the breach was committed, and not that prevailing at the date of the judgment, should be adopted." The defendants in that case failed to deliver the goods and converted them to their own use on February 10, 1919, when they should have delivered the sodium sulphide in Italy, and the court held that the failure to deliver was a breach of contract and a conversion, and that plaintiff was entitled to the value in Italian money as of the exchange value at the time of the breach.

The decision of this court in *Sirie* v. *Godfrey* (196 App. Div. 529) is quoted by the defendant as decisive of this case in favor of the defendant. That case was one where the plaintiff, a dressmaker, a resident of France, had a bill against the defendant for 10,450 francs for dresses delivered to the defendant in Paris in 1913 and 1914. This bill not being paid by the defendant, although a demand therefor was made in 1914, the plaintiff commenced an action against the defendant in the courts of this State. This court held that the plaintiff was entitled only to the 10,450 francs as of the exchange value at the time of the trial. That case holds the same rule as was held in *Societe des Hotels le Touquet Paris-Plage* v. *Cummings (supra)*. In both cases the plaintiffs were residents of France, the obligations sued upon were incurred in France and payable to such French residents in French money. A tender in France of the francs called for in the bill would have been a good tender, and if accepted, a full satisfaction of plaintiff's claims.

In the case at bar, however, the plaintiff is not a resident of Austria. The delivery promised was to a foreigner, an American resident, of 60,000 kronen on demand. This contract was broken on September 2, 1919, and within the authorities above cited plaintiff was entitled to the exchange value of such kronen at the time of the breach. The *Di Ferdinando* case above cited was affirmed by the English Court of Appeal.

The judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, PAGE and McAVOY, JJ., concur.

Judgment affirmed, with costs.