In the Matter of the Estate of HENRIETTA L. KING, Deceased.

Surrogate's Court, New York County, March 26, 1927.

**Executors and administrators — accounting — testatrix died in France and will was probated in New York county — loan made to testatrix in France and payable there in French francs must be paid in dollars at rate of exchange at date of decision, with interest from admitted due date.**

The will of the testatrix, who died in France, was admitted to probate in New York county. A creditor engaged in business in France made advances to testatrix payable in France in French francs. A claim in an accounting pro-

ceeding in the nature of an action on the contract to recover the sum of money admitted to be due must be paid in dollars at the rate of exchange at the date of this decision, with interest from the admitted due date.

MOTION to confirm report of referee appointed in accounting proceeding.

*Stroock & Stroock* [*Robert D. Steefel* of counsel], for John Munroe & Co.

*Samuel F. Moran* [*A. A. Kaye* of counsel], for the administrator with the will annexed.

*John F. Collins*, special guardian.

FOLEY, S.   This is a motion to confirm the report of the referee appointed in this accounting proceeding to hear and determine the issues raised by objections filed to the account of the administrator with the will annexed herein by a foreign creditor of the estate.   The debt owing to the creditor was payable in francs. It was not paid when due.   Due to the depreciation in the value of French francs, a dispute has arisen between the parties as to the date upon which the value of the franc in American currency is to be taken for the purpose of determining the amount payable to the creditor.   The creditor contends that the rate of exchange in effect at the time the debt became due and payable should be adopted.   The administrator claims that the rate of exchange prevailing at the time of payment or at the date of the decree herein should be applied.   The facts as stipulated by the parties, so far as material to the issues, are as follows: The testatrix died at Paris, France, on February 28, 1917.   Her will was admitted to probate by this court on May 14, 1918.   Letters testamentary were issued to one Margaret S. E. Cameron, the executrix, on May 16, 1918.   On August 6, 1919, the executrix died and thereafter, on June 28, 1922, letters of administration c. t. a. were granted to Charles King, the accounting party herein.   For the purpose of determining and adjudicating the issues raised by the objections the following additional facts were stipulated before the referee:   (1) That the transactions involved herein took place in Paris, France; (2) that the creditor, Munroe & Co., is a copartnership engaged in business at Paris, France; (3) that Munroe & Co. made a series of advances to the testatrix, in the nature of loans, and that on June 30, 1917, such loans, together with interest, amounted to 22,220 francs; (4) that for the purpose of this proceeding it was admitted that that sum was due and owing on said date; (5) that the loans were made in francs and were payable in francs at Paris, France.   The value of the French franc at the current rate of exchange, measured by American money, is con-

siderably less than at the time the debt became due and payable. The referee has reported that the amount of the debt should be translated into our money at the rate of exchange in effect on August 26, 1919, the date of the verification of the formal proof of claim, with interest, however, from the 28th day of June, 1922, the date the proof of claim was actually presented to the administrator with the will annexed. While it is immaterial to the conclusion I have reached, it should be noted that at the time of the receipt of the notice of claim by the attorney his client, the executrix, was dead, and he had no official status in this estate. The conclusion of the referee must be overruled. I hold that the creditor should be paid the equivalent of francs at the rate of exchange prevailing at the date of this decision, with interest in francs likewise translated from the stipulated due date, June 30, 1917.

The question which arises here was recently passed upon by the Appellate Division in this department in the cases of *Sirie* v. *Godfrey* (196 App. Div. 529) and *Metcalf Co., Ltd.,* v. *Mayer, No. 1* (213 id. 607), where similar facts and circumstances were involved. *Sirie* v. *Godfrey* (*supra*) was an action by a Parisian modiste to recover of the defendant, a resident of New York, the equivalent in American money of 10,450 francs, the price of goods sold and delivered to the defendant. The contract was made in France and was payable in francs upon the delivery of the merchandise to the defendant. The court there held: " I am further of the opinion that, even assuming that the defendant failed to pay said indebtedness when the same became due, nevertheless, the plaintiff cannot recover upon the trial the American equivalent of 10,450 francs, the purchase price of said merchandise, at the rate of exchange at the time said indebtedness was payable, but that at most the plaintiff was entitled to recover in American money the equivalent of the French francs stipulated in the contract at the rate of exchange prevailing at the time of the rendition of judgment. This was a French contract for the sale in France of French goods for which the purchaser agreed to pay in French francs at Paris, France. At any time before suit was brought the defendant could have tendered the plaintiff at Paris, France, the 10,450 francs in full payment of her claim, and plaintiff would have been compelled to accept the same. * * * It was payable in French francs, and by merely bringing action in this jurisdiction, the plaintiff, I apprehend, acquired no right to a more favorable judgment than she could have obtained had action been brought in France."

*Metcalf Co., Ltd.,* v. *Mayer, No. 1* (*supra*) was an action to recover

the balance of commissions due under a contract for handling grain in France for the defendant. The contract was made in France and was to be performed in France. The same rule was applied by the court in that case as in the *Sirie* v. *Godfrey* case. The opinion of the court pointed out: "Also, if the plaintiff had sued in France, it clearly would only be entitled to a judgment for an amount of francs, and the plaintiff by suing in another country cannot obtain the advantage of adopting a rate of exchange at a time other than the date of the rendition of the judgment. The plaintiff is entitled to a judgment for francs in accordance with its bills rendered and its demand for payment. The only reason for translating the amount of francs into dollars is because the judgment must be rendered in the money of the forum; hence the date of the application of the rate of exchange should be the time of the rendition of the judgment."

In the present case the loan was made in France, payable in France and in French francs. In the *Sirie* case the debt was incurred in France for merchandise sold in France and payable in French francs. In the *Metcalf* case the obligation arose out of a contract made in France, consummated in France and payable in French francs. These authorities, therefore, support my determination here. The same principle was also enunciated by the United States Supreme Court in the late case of *Deutsche Bank Filiale Nurnberg* v. *Humphrey* (272 U. S. 517). There an American citizen deposited money payable on demand in a German bank in Germany. The money was not paid when demanded and suit was commenced. The debt was a debt of German marks. Mr. Justice HOLMES in his opinion pointed out: "An obligation in terms of the currency of a country takes the risk of currency fluctuations and whether creditor or debtor profits by the change the law takes no account of it. *Legal Tender Cases*, 12 Wall. 457, 548, 549. Obviously, in fact a dollar or a mark may have different values at different times but to the law that establishes it it is always the same. If the debt had been due here and the value of dollars had dropped before suit was brought the plaintiff could recover no more dollars on that account. A foreign debtor should be no worse off."

The United States Supreme Court held, however, that the mark must be translated into dollars as of the time of the commencement of suit. But it would seem here, however, that the decisions of the tribunals of this State are controlling, and their rule, that the value at date of the rendition of the judgment should apply, must be followed. The decisions in *Gross* v. *Mendel* (171 App. Div. 237; affd., 225 N. Y. 633) and *Hoppe* v. *Russo-Asiatic Bank* (235 id. 37) cited by

the creditor, are clearly distinguishable from the *Sirie* and *Metcalf* cases, and the case at bar. They dealt with transactions directly involving foreign exchange and the measure of damages for breach of contract for failure to deliver the money in each instance was held to be fixed by the value of the money at the time and place it should have been delivered. The instant case is not one for breach of contract, but is in the nature of an action on the contract to recover a sum of money admitted to be due. In *Comptoir Commercial D'Importation* v. *Zabriskie* (127 Misc. 461), which was an action for breach of contract of sale, Mr. Justice PROSKAUER noted: " Neither of the first two [referring to the cases of *Sirie* v. *Godfrey* and *Metcalf Co., Ltd.,* v. *Mayer, No. 1, supra*] was an action for breach of contract; both of them were in effect actions on the contract."

The debt must be paid, therefore, in dollars at the rate of exchange at the date of this decision, with interest from the admitted due date. Submit decree overruling the report of the referee, settling the account, and directing payment of the claim in accordance with this decision.