OSCAR L. RICHARD and Others, as Surviving Partners of the Firm of C. B. RICHARD & COMPANY, Appellants, v. AMERICAN UNION BANK, Respondent.

First Department, December 23, 1927.

Banks and banking — foreign exchange — action to recover $72,755 paid for purchase of 2,000,000 lei to be transferred to Roumanian bank by cable on November 17, 1919 — contract was made with defendant's predecessor — on April 4, 1921, plaintiffs learned that transfer had not been made and demanded return of consideration — on May 27, 1921, without plaintiff's knowledge, defendant established credit — lei at that time was worth $33,800 — plaintiffs seek to rescind contract but also allege facts showing damages in case proof does not give plaintiffs right to rescind — defendant not entitled to order making complaint definite and certain.

The plaintiffs entered into an agreement with the defendant's predecessor on November 14, 1919, whereby for $72,755, defendant's predecessor sold to the plaintiffs 2,000,000 lei to be transferred by cable to a Roumanian bank on or before November 17, 1919. On April 4, 1921, plaintiffs having learned that the defendant had not established the credit, demanded a return of the consideration but that was refused and on May 27, 1921, without the knowledge of plaintiffs, defendant established the credit. When the credit was established the lei were worth $33,800. On August 17, 1921, plaintiffs having been informed by the Roumanian bank of the receipt of the lei notified defendant that they would not accept the same except at the market price of May 27, 1921, and canceled the contract and demanded a refund.

Defendant's motion to make the complaint more definite and certain is denied. The plaintiffs had the right to demand a rescission of the contract and to allege facts in their complaint showing that they were entitled to the same, but they also had the right to allege sufficient facts to entitle them to recover damages for a breach of the contract in case their proof should be insufficient to show a rescission. At the close of their case the plaintiffs can be compelled, of course, to elect but it cannot be said that for this reason the complaint is indefinite and uncertain.

APPEAL by the plaintiffs from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 2d day of March, 1927.

*J. Charles Weschler* of counsel [*Walter J. Kohn* with him on the brief; *Weschler & Kohn*, attorneys], for the appellants.

*Edwin T. Murdoch* of counsel [*Frederick T. Kelsey* with him on the brief; *Lewis, Garvin & Kelsey*, attorneys], for the respondent.

FINCH, J.  By this motion the defendant seeks to strike out certain portions of the complaint as irrelevant, redundant, immaterial and unnecessary, and asks that the plaintiffs make more definite and certain the allegations in the complaint concerning the agreement alleged therein, and that the complaint be made more definite and certain as to whether plaintiffs claim that they rescinded said agreement.

The court at Special Term made an order striking out " all portions of the complaint unnecessary to a brief and clear statement of the plaintiffs' alleged cause of action."

The complaint contains two causes of action, both concerning agreements for the purchase and delivery of foreign currency at specified banking houses in foreign countries.  It is necessary, therefore, to consider only the first cause of action, as the second is, for the purposes of this motion, the same.  It is alleged that the plaintiff firm was engaged in the business of foreign exchange, and then is set forth the nature and manner in which said business was conducted.  It is then alleged that dealings were had between the plaintiff firm and the Nemeth State Bank in reliance upon and with the knowledge of the customs and usages so alleged. It is then alleged that on November 14, 1919, plaintiffs entered into an agreement with the Nemeth State Bank, whereby, in consideration of $72,755, the Nemeth State Bank sold to the plaintiffs 2,000,000 lei, to be transferred to a bank in Roumania by cable transfer on or before November 17, 1919, for the purposes of the foreign exchange business of the plaintiffs.  Plaintiffs paid the $72,755 to the Nemeth State Bank, but claim that the latter did not purchase a cable transfer or otherwise effect the transfer but converted this sum to its own use.  The defendant subsequently acquired the assets of the Nemeth State Bank and assumed its obligations.  On April 4, 1921, plaintiffs, having learned that the defendant had not established the aforesaid credit, demanded a return of the consideration.  On May 27, 1921, without the knowledge of plaintiffs, defendant established the credit, and on this day the market value of 2,000,000 lei was $33,800.  On August 17, 1921, plaintiffs were informed by the Roumanian bank of the receipt of said lei, at which time these had a market value of $24,440, and a cable transfer was procurable on that day at that sum.  On August 17, 1921, plaintiffs notified defendant that

they would not accept the said lei, except at the market price of May 27, 1921, and canceled the contracts and demanded a refund.

The second cause of action is for a sum of approximately $8,000 and relates to a transfer of kronen in Jugo-Slavia and is substantially the same, except that it does not contain an allegation of the cancellation of the contract and a demand for a return of the consideration prior to the belated transfer.

The facts in the present action were the basis also of a previous action between the same parties. In that action the complaint was dismissed by this court and by the Court of Appeals on the ground that a cause of action was not stated. (*Richard* v. *American Union Bank,* 210 App. Div. 22; affd., 241 N. Y. 163.) In the previous action the Court of Appeals was careful to point out that the complaint was dismissed because of the particular allegations of that action, namely, that the plaintiffs were seeking to recover depreciation in the foreign currency as such and measured by the foreign currency in the country of its use. Chief Judge HISCOCK was careful also to point out that: " For damages actually suffered the law afforded other remedies to the plaintiffs. On failure of defendant's predecessor to establish the credit as agreed plaintiffs might have rescinded their contract and recovered the money which they had paid for the proposed credit to be established in their favor. Again, on the breach of contract occasioned by the default of defendant's predecessor they might have brought an action for breach of contract and damages in which recovery would have been based on the value of lei at the time of the breach of contract. (*Hoppe* v. *Russo-Asiatic Bank,* 235 N. Y. 37.) They might have sued to recover special damages if any such they suffered and possibly they would have been entitled to bring an action alleging that on the belated day when the credit was created and they elected to receive the specific number of lei, its value for the purposes contemplated by the parties had so diminished as to cause them actual damage. But they did none of these things. They elected to give to their complaint a form which, as we think, deprives them of relief which they might otherwise have secured."

In this action the plaintiffs have endeavored to meet the suggestions contained in the opinion of the Court of Appeals and to bring themselves within the other remedies there suggested. By this motion the defendant seeks to confine the complaint of the plaintiffs within the limits of the complaint previously drawn, so that the remedies of the plaintiffs may be likewise confined and the same result reached, namely, a dismissal of the complaint. In view of the decision of the Court of Appeals, it cannot be said that any of the allegations of the complaint are immaterial or

unnecessary (Rules Civ. Prac. rule 103), nor can it be said that the complaint is indefinite or uncertain within the legal meaning attributed to these words, namely, " that the precise meaning or application  *  *  *  is not apparent." (Rules Civ. Prac. rule 102.) This is the question presented. The plaintiffs do seek a rescission and a return of the consideration paid, and for this amount ask judgment with interest. If, however, the proof of the plaintiffs is not sufficient to effect a rescission, the plaintiffs seek to set up facts which may entitle them to damages within the decision of the Court of Appeals. Of course, at the close of their case the plaintiffs can be compelled to elect, but it cannot be said that for this reason the complaint is indefinite or uncertain. As the Court of Appeals said in *Gravenhorst* v. *Zimmerman* (236 N. Y. 22): " Rescission may be a matter of acts as well as of words. Formal notice of cancellation of a contract may be utterly counteracted and overborne by subsequent recognition of it as an existing obligation. A party cannot by words cancel his contract and then continue to assert rights and benefits and negotiate under it. This plaintiff is confronted by this obvious and just rule. We shall assume that the letter of April 10, standing unimpaired would have effected a rescission. But we are of opinion it cannot be said conclusively that it did thus stand unimpaired. It was followed by much correspondence and delay in which each side urged its views, in which the defendants made explanations, assertions and promises and in addition to everything else, the assignor reacted with a delay of over three years from the date of the alleged rescission.

" Under the circumstances one person may argue that as matter of law the assignor abandoned and lost the benefit of his rescission; another might think that such abandonment was a question of fact for the jury."

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer upon payment of said costs.

Dowling, P. J., Merrell, McAvoy and Proskauer, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.