MILDRED KANTOR, Respondent, v. ARISTO HOSIERY CO., INC.,
Appellant.

First Department, February 3, 1928.

Sales — action for purchase price — order blank signed by defendant was not integrating document — oral evidence admissible — assignment by partnership passes personal rights of individual partner — purchase price was payable in pounds sterling — in fixing damages rate of exchange must be determined as of date of breach.

This is an action to recover the purchase price of hosiery which was expressed to be payable in pounds sterling. The order signed by the defendant only was not an integrating document, for, in addition to its not being signed by the seller, it was not treated by the parties as the contract. Oral evidence was, therefore, properly admissible.

The plaintiff sues as assignee of a partnership and the defendant contends that the original contract was made with an individual who thereafter entered into the partnership and that there is no evidence of an assignment to the partnership. However, the signature to the partnership assignment by the original seller was sufficient to transfer his rights to the plaintiff.

In determining the amount of damages in dollars, the rate of exchange at the time of the breach is to be applied.

MERRELL, J., dissents.

APPEAL by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 8th day of March, 1927, and also from an order entered in said clerk's office on the 5th day of April, 1927.

*Henry A. Blumenthal* of counsel [*David C. Cohen* with him on the brief], for the appellant.

*Eli S. Wolbarst*, for the respondent.

PROSKAUER, J.   This action is brought by plaintiff as assignee to recover the purchase price, expressed in English currency, of hosiery sold and delivered by H. Reid & Co. of London to the defendant.

The judgment for the plaintiff is attacked on the ground that an order blank signed by the defendant was an integrating document and that no oral evidence inconsistent with its terms should have been admitted. The writing was not signed by H. Reid & Co. and the conduct of the parties shows beyond doubt that it was not acted upon as the contract. The rulings of the trial court in this respect were correct.

The appellant urges also that at the time the cause of action originated one Williamson was trading alone under the name of H. Reid & Co.; that he thereafter associated partners with himself;

that this partnership assigned the claim in suit to this plaintiff, and that the record lacks evidence of the assignment of the cause of action by Mr. Williamson to the partnership. The assignment, however, bore the signature of Mr. Williamson and necessarily transferred his ownership of this cause of action.

There is but one other point raised by the appellant which merits consideration. The amount of the verdict was reached by converting the purchase price expressed in English currency into dollars as of the date of the judgment. We think this was error and that the conversion should have been made as of the breach date.

In *Hoppe* v. *Russo-Asiatic Bank* (235 N. Y. 37) the court stated, *per curiam:* " In an action properly brought in the courts of this State by a citizen or an alien to recover damages, liquidated or unliquidated, for breach of contract or for a tort, where primarily the plaintiff is entitled to recover a sum expressed in foreign money, in determining the amount of the judgment expressed in our currency the rate of exchange prevailing at the date of the breach of contract or at the date of the commission of the tort is under ordinary circumstances to be applied."

This court has adopted this rule in *Comptoir Commercial D'Importation* v. *Zabriskie* (127 Misc. 461; affd., 222 App. Div. 736). The same rule was applied in *Hicks* v. *Guinness* (269 U. S. 71, 80). Mr. Justice HOLMES there stated that the breach-day rule " is in accord with the decisions of several State courts and Circuit Courts of Appeals as well as of the English House of Lords." *Sirie* v. *Godfrey* (196 App. Div. 529) was decided by this court prior to these decisions of our Court of Appeals and the Supreme Court of the United States. We are now bound to apply the breach-day rule in the absence of special circumstances showing it to be inappropriate. Courts have had difficulty in determining the existence of such extraordinary circumstances. (*Deutsche Bank* v. *Humphrey*, 272 U. S. 517; *Metcalf Co., Ltd.*, v. *Mayer, No. 1*, 213 App. Div. 607; *Société des Hôtels Le Touquet Paris-Plage* v. *Cummings*, L. R. [1922] 1 K. B. 451; *Richard* v. *American Union Bank*, 241 N. Y. 163, 171.) Thus, in *Deutsche Bank* v. *Humphrey* (272 U. S. 517) the United States Supreme Court in a five to four decision declined to convert as of the date of the demand on the ground that " at the date of the demand the German bank owed no duty to the plaintiff under our law."

We think that in the interest of uniformity the breach-day rule should be followed in the absence of clear proof of exceptional conditions. We do not regard as exceptional the fact that the claim here asserted is for a debt due under a contract and not for

damages for a breach thereof. The obligation here to deliver pounds sterling in return for hosiery is essentially the same as the obligation in the *Hoppe* case to deliver francs in return for dollars. To differentiate between a debt and a claim for damages is to lose sight of the economic fact that foreign currency is a commodity. In the contemplation of the parties the promisee who is entitled to receive pounds sterling on a certain date is entitled to the purchasing power of the pound sterling on that date. The breach-day rule gives him compensation measured by the purchasing power of the foreign currency on the day he was entitled to receive it.

The judgment should, therefore, be modified in accordance with this opinion, and the judgment as modified and the order affirmed.

DOWLING, P. J., FINCH and O'MALLEY, JJ., concur; MERRELL, J., dissents on the authority of *Sirie* v. *Godfrey* (196 App. Div. 529) and *Metcalf Co., Ltd.*, v. *Mayer, No. 1* (213 id. 607).

Judgment modified in accordance with opinion and the judgment as so modified and the order appealed from affirmed. Settle order on notice.