ARTHUR J. EPP and Others, etc., Plaintiffs, *v.* TITLE GUARANTEE AND TRUST COMPANY, Defendant.

Supreme Court, Special Term, New York County, December 30, 1935.

*Lyon, Lee & Lyon* [*Herbert B. Lee* of counsel], for the plaintiffs.

*Milbank, Hope, Tweed & Webb* [*Richard S. Holmes* and *Anthony A. Goerner* of counsel], for the defendant.

MILLER, J. This is a motion for an order directing the plaintiffs to serve an amended complaint upon the ground that the present complaint improperly unites a cause of action based upon rescission of the purchase of certain mortgage certificates with causes of action for breach of contract.

The complaint contains five causes of action. The first alleges that the plaintiffs were induced to purchase the certificates by the defendant's false representations, that on discovery of the fraud the plaintiffs tendered back the certificates and demanded rescission of the sale and the return of the money they had previously paid, and that the defendant refused to comply with their demand. Each of the four remaining causes of action is pleaded as " an alternative to the first cause of action." These four causes of action proceed in affirmance of the purchase of the certificates and seek damages for breach of contract, negligence and breach of trust, as well as an accounting and the removal of the defendant as trustee or agent for the certificate holders.

The prayer for relief asks judgment, under the first cause of action, directing the rescission of the purchase of the certificates and the return of the purchase price upon tender of the certificates. " In the alternative," judgment is sought under the other four causes of action.

Prior to the last session of the Legislature, section 258 of the Civil Practice Act (Laws of 1920, chap. 925) (formerly Code Civ. Proc. § 484) prohibited the joinder of causes of action unless " they are consistent with each other." Although a cause of action for the rescission of a contract could not, therefore, be joined with a cause of action in affirmance of the same contract, a plaintiff suing for rescission could properly, in the same complaint, ask for damages for breach of the contract in the event rescission should prove inadequate (*Merry Realty Co.* v. *Shamokin & Hollis Real Estate Co.*, 230 N. Y. 316, 324) or the proof be " not sufficient to effect a rescission " (*Richard* v. *American Union Bank*, 222 App. Div. 115, 118).

The first cause of action now before the court does not proceed upon the theory of a rescission effected prior to the commencement of the action, but seeks rescission by the court's decree. The plaintiffs' brief states, and the headings of the causes of action as well as the prayer for relief indicate, that the remaining causes of action are pleaded only for the purpose of enabling plaintiffs to recover in case rescission should prove impossible. Under these circumstances there would appear to be no misjoinder of causes of action, even if the prohibition against uniting inconsistent causes of action were still in force.

Section 258 of the Civil Practice Act was repealed by chapter 339 of the Laws of 1935, and a new section 258 added by the same statute. The new section provides that " the plaintiff may unite in the same complaint two or more causes of action whether they are such as were formerly denominated legal or equitable, provided that upon the application of any party the court may in its discretion direct a severance of the action or separate trials whenever required in the interests of justice." The prohibition against uniting inconsistent causes of action has been omitted. It would seem, therefore, that the Legislature has thus indicated that inconsistent causes of action may hereafter be joined in the same complaint. Although the necessity for an election upon the trial between inconsistent remedies is left unaffected, the hitherto existing bar against the pleading of inconsistent causes of action in a single complaint appears to have been removed.

No question is presented upon this motion as to whether the plaintiffs' conduct prior to the commencement of the action constituted an election to rescind which precludes them from suing in affirmance of their purchases of certificates. Even if it be assumed that the offer of restitution and demand for rescission which antedated the service of the summons, though rejected by the defendant, is to be regarded as an overt action of election between inconsistent remedies, this would at most serve to defeat the second, third, fourth and fifth causes of action, which are predicated upon the theory of affirmance. It would not justify the granting of the instant motion under rule 102 of the Rules of Civil Practice, based solely upon the ground of improper joinder of causes of action. Election of remedies can be taken advantage of only by pleading the election as an affirmative defense. (*Vitarelli* v. *Bruson Construction Corporation*, 235 App. Div. 804; *Henry* v. *Herrington*, 193 N. Y. 218, 220; *Roberge* v. *Winne*, 144 id. 709.)

The present motion, which raises only the point of improper union of causes of action, must, therefore, be denied. It is unnecessary at this time to determine whether the tender and demand for

rescission constituted an irrevocable election. The proof at the trial may disclose that rescission is impossible, or inadequate or useless, or that the election to rescind was made without full knowledge of all the material facts, in which contingencies the harsh rule of election of remedies would not apply. (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308; *Clark* v. *Kirby*, 243 id. 295, 301; *Liston* v. *Hicks*, 243 App. Div. 159, 162.) Whether the plaintiffs have made a binding election is a question, therefore, which cannot properly be determined upon an application of this character, but must await the disclosure upon the trial of all the facts and the surrounding circumstances.

The motion is denied, with ten dollars costs, with leave to answer within ten days from the service of a copy of this order, with notice of entry.