the Civil Practice Act. The action was to recover upon a policy of insurance providing: " The Insurers agree to indemnify the Assured against loss arising from the liability imposed by law upon the Assured for damages on account of death or bodily injuries * * *, resulting from or caused by the operation, maintenance, use or the defective construction of the motor vehicles described in the schedule annexed hereto, * * *." The defendant contended that under the policy and section 282-b of the Highway Law, its liability on all judgments resulting from one " transaction " was limited to $5,000 to be apportioned ratably among the judgment creditors according to the amounts of their respective judgments, and that plaintiff had had an accident in which many persons were injured and that the amount sought to be recovered was paid by plaintiff in satisfaction of but two judgments. The Appellate Division held that the provision of the Highway Law for apportionment ratably among judgment creditors is applicable only when the insured is insolvent.

*John P. Carson* for appellant.

*Reginald V. Spell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MILDRED KANTOR, Appellant and Respondent, *v.* ARISTO HOSIERY CO., INC., Respondent and Appellant.

*Contract — sale — foreign exchange — action to recover for goods sold and delivered, purchase price payable in English currency — rate of exchange at time of breach of contract to be applied in translating damages from pounds to dollars.*

Kantor v. Aristo Hosiery Co., Inc., 222 App. Div. 502, affirmed.
(Argued June 12, 1928; decided July 19, 1928.)

CROSS-APPEALS from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 15, 1928, modifying and affirming

as modified a judgment in favor of plaintiff entered upon a verdict. The action was to recover for goods alleged to have been sold and delivered to defendant by plaintiff's assignor, an English firm, payment for which was to be made in English currency. The jury found a verdict for plaintiff for an equivalent in American currency, based upon the prevailing rate of exchange at the time of the trial. The Appellate Division held that the rate of exchange at the time of the breach of contract was the measure to be applied in translating the amount due in pounds to dollars.

*Eli S. Wolbarst* for plaintiff, appellant and respondent.

*Henry A. Blumenthal* and *Benjamin H. Whitestone* for defendant, respondent and appellant.

*John A. Garver* and *Carl A. Mead* for National City Bank of New York, *amicus curiæ*.

*Morris Hilquit* for Boris N. Sokoloff, *amicus curiæ*.

*Boris M. Komar* for Dollar Claims Co., Inc., *amicus curiæ*.

Judgment affirmed, without costs; no opinion.

Concur: POUND, ANDREWS, LEHMAN and O'BRIEN, JJ. Dissenting: CARDOZO, Ch. J., CRANE and KELLOGG, JJ.

---

CHARLES J. ROGERS, Respondent, *v.* ALEXANDER W. THOMSON et al., Copartners under the Firm Name of THOMSON & McKINNON, Appellants.

*Conversion — stockbrokers — action to recover value of stocks purchased and carried on margin by broker upon tender by customer of balance due.*

*Rogers* v. *Thomson*, 222 App. Div. 805, affirmed.

(Argued June 12, 1928; decided July 19, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 1, 1928, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was in con-