█ HELEN M. KOZECKE, Appellant, v. HUMBLE OIL & REFINING COMPANY, Respondent.— Appeal from a judgment of the Supreme Court in favor of defendant, entered January 29, 1974 in Tioga County, upon a decision of the court at a Trial Term, without a jury. Plaintiff became the owner in 1956 of an irregularly shaped parcel consisting of about one and a half acres in the Village of Owego and with a frontage of approximately 276 feet on the north side of Route 17. Her title was subject to an outstanding lease between Esso Standard Oil Company, defendant's predecessor in interest, and Harold W. Knox, one of plaintiff's grantors, originally entered into in 1950 and covering a parcel with a Route 17 frontage of 147.42 feet and located in the southeast corner of plaintiff's premises. The lease agreement clearly envisioned the installation and operation of a gasoline service station on the demised tract. On August 1, 1956 an attorney, representing plaintiff, wrote to Esso that "The present landlord has indicated a great interest in subleasing the station from Esso Standard" and, on the following October 16, Esso subleased the station to plaintiff's husband for the term of one year commencing October 22, 1956. For a time prior to 1956, two diesel fuel tanks used in connection with said service station were located on premises which Knox sold to Devine (a neighboring property owner) and which were situate to the east of the leased land. As the result of a disagreement between plaintiff's husband and Devine, Esso purchased the diesel tanks and moved them early in 1957 to a location chosen by Mr. Kozecke on plaintiff's remaining real property to the west of the leased premises. The husband signed equipment receipts, denominated as amendatory agreements, acknowledging the tanks purchased from Devine and "moved off his property onto station property" and an Esso sign "on extra high poles". In this action for trespass by reason of encroachments consisting of two diesel storage tanks, three signs and a portion of an island supporting a diesel fuel pump allegedly situate on plaintiff's premises to the west of the leased parcel, the trial court dismissed the complaint, holding that an agency relationship existed between plaintiff and her husband, that the alleged encroachments were placed at the direction of the husband and remained without complaint from plaintiff, and that plaintiff is estopped from denying the said relationship. There was proof: that in 1956 the attorney for plaintiff and her husband wrote

defendant advising that "The present landlord has indicated a great interest in subleasing the station from Esso Standard"; that two months thereafter the station was leased to the husband, following plaintiff's guarantee of his account; that from 1957 to 1966, when the State appropriated plaintiff's realty, negotiations were conducted by plaintiff and her husband with defendant's representatives; that a series of communications in reference to the sale of the real estate were forwarded to defendant by plaintiff and by the husband; that the 1950 lease from plaintiff's predecessor to Esso contained provisions in regard to repairs; that different discussions regarding repairs took place with defendant's representative at which plaintiff and her husband were present and during which the husband acted as spokesman; that plaintiff was present during the operation of digging and moving the diesel storage tanks; and that plaintiff or her husband never complained to defendant's sales representative as to the location of the equipment outside the leased area. Admittedly, plaintiff received rent from defendant until the appropriation. Plaintiff failed to call her husband as a witness in her direct case or in rebuttal. Although an agency between husband and wife is not to be implied from the mere fact of marriage (*LeLong* v. *Siebrecht,* 196 App. Div. 74, 76), actual agency may be implied from the conduct of the parties or established by proof of subsequent ratification (*Hyatt* v. *Clark,* 118 N. Y. 563; *Cutter* v. *Morris,* 116 N. Y. 310; Richardson, Evidence [Prince-10th ed.], § 254), and, as to third persons, may arise by estoppel (*Hannon* v. *Siegel-Cooper Co.,* 167 N. Y. 244; *Ring* v. *Long Is. Real Estate Exch. & Inv. Co.,* 93 App. Div. 442, affd. *sub nom. Ring* v. *Howell,* 184 N. Y. 553). Insofar as the determination of the trial court is supported by evidence which it was entitled to deem credible, its conclusion as to the existence of the agency relationship should not be interfered with by this appellate court (*Vatner* v. *Mackey,* 250 App. Div. 383). Section 5–703 of the General Obligations Law is not applicable here. Judgment affirmed, with costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.