■ RENATA K. ZAREMBKA, Respondent, v PAUL ZAREMBKA, Appellant. — Judgment modified, and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Niagara County, for further proceedings, in accordance with memorandum. All concur, Callahan, J., not participating. Memorandum: In this action for damages for breach of a separation agreement entered into between the parties in Geneva, Switzerland and approved by and incorporated in a Swiss judgment of divorce, Special Term properly granted partial summary judgment to plaintiff, finding that under the agreement she was entitled to receive monthly payments in Swiss francs or in amounts equivalent to Swiss francs and a cost of living adjustment pursuant to the Geneva, Switzerland cost of living index for a period beginning January 1, 1978. Special Term erred, however, in granting judgment for the arrearages in the monthly payments through June, 1980 when the order granting summary judgment was entered. The complaint, which was dated March 5, 1979, alleges that defendant failed to make the full monthly payments required by the agreement commencing on January 1, 1978, and the demand for judgment included a computation as to the amount then owing plaintiff. The motion for summary judgment was not made upon the theory that defendant had repudiated the contract. In fact the complaint alleged part performance by him. Plaintiff is entitled to recover damages only up to the date of the commencement of the action and separate actions must be commenced to recover monthly installments beyond that time as they become due *(Bauchle v Bauchle,* 185 App Div 590; see *Boissevain v Boissevain,* 252 NY 178, 181; *Kelley v Kelley,* 275 App Div 887; 2 Foster and Freed, Law and the Family, § 28:34, p 437). Accordingly, the case must be remitted to Special Term for a determination of the proper amount of arrearages owing in Swiss francs based on the rate of exchange at the time of the breach *(Kantor v Aristo Hosiery Co.,* 222 App Div 502, affd 248 NY 630; see, also, *Metcalf Co. v Mayer,* 213 App Div 607; CPLR 3212, subd [c]). Special Term did not abuse its discretion in refusing to hold in abeyance the entry of the summary judgment pending the determination of the remaining severed causes of action (CPLR 3212, subd [e]). (Appeal from judgment of Niagara

Supreme Court — partial summary judgment.) Present — Hancock, Jr., J.P., Callahan, Doerr, Denman and Schnepp, JJ.