# (February 10, 1983)

■ FOUR WINDS HOSPITAL, Respondent, v ANTHONY KEASBEY et al., Appellants, et al., Defendant. — Judgment, Supreme Court, New York County (Wolin, J.), entered February 18, 1982, following a jury trial which resulted in a verdict in favor of plaintiff against defendants Anthony Keasbey and May Keasbey, modified, on the law, only to the extent of dismissing the complaint, on the merits, as against defendant May Keasbey, and otherwise affirmed, without costs. The action was brought by plaintiff hospital, a private psychiatric institution, to recover for medical services rendered to Julia Keasbey, daughter of defendants Anthony and May Keasbey. The central issue concerns the relative responsibility of the defendants to pay for their daughter's treatment based upon an alleged oral promise by Anthony Keasbey. Julia was hospitalized from February 22, 1979 through September 3, 1979, a period of approximately six months. This was in conformity with the period of hospital-

ization anticipated by plaintiff and communicated to the father prior to Julia's admission, at which time, according to plaintiff, Anthony disclosed the existence of major medical insurance alleged to be sufficient to cover the cost of such hospital treatment. Nevertheless, in March or April of 1979, defendants, for the first time, objected to the furnishing of medical treatment to Julia and refused to co-operate in the submission of a claim for major medical coverage. After plaintiff tendered a bill for partial treatment, together with an insurance form to be completed and returned, appellants, by mailgram dated May 27, 1979, refused to pay for their daughter's hospitalization. We find on this record that the complaint should have been dismissed as against the mother, May Keasbey, since no proof was adduced of any agreement on her part to pay for her daughter's treatment. The record does not disclose any communication between Mrs. Keasbey and the hospital prior to Julia's admission. Nor was there any evidence to raise a factual issue for submission to the jury that the father was authorized to act as agent for his wife to bind her to pay the hospital bill. Such an agency relationship may not be implied or inferred solely by reason of the marital relationship between the parties (see *Kozecke v Humble Oil & Refining Co.,* 46 AD2d 986). However, we do not subscribe to the views of our dissenting colleagues that the trial court erred in not submitting to the jury the issue of whether the father's oral promise to pay the contemplated hospital expense was a promise "to answer for the debt, default or miscarriage of another person" so as to require a written memorandum under the Statute of Frauds contained in section 5-701 (subd a, par 2) of the General Obligations Law. The uncontested sequence of events established that Anthony obligated himself as a principal debtor, primarily liable and not to answer for the debt of another, since, at the time he agreed to assume responsibility, there was no debt in existence. Julia had not as yet submitted herself to the care of the hospital. Dr. Klagsbrun had discussed with Anthony the advisability of hospitalization before Julia was admitted and, according to plaintiff, it was during that conversation that Anthony agreed to assume any expense in excess of available insurance coverage. Subsequently, upon Julia's admission to the hospital, she signed a standard financial obligation form. Thus, chronologically, there were two primary obligations, the primary debt by Anthony to pay any expense for Julia not covered by his major medical coverage and then by Julia when she was subsequently admitted for treatment. Anthony's agreement at issue here, concededly, was never fulfilled since he refused to submit medical forms to his insurance carrier for payment. With reference to a primary debt or obligation as falling without the scope of the Statute of Frauds, the Court of Appeals stated in *Richardson Press v Albright* (224 NY 497, 502): "When the primary debt continues to exist, the promise of another to pay the debt may be original or it may not be, but it is regarded as original only when the party sought to be charged clearly becomes, within the intention of the parties, a principal debtor primarily liable." The Court of Appeals has also recognized that the determination as to whether the promise to pay the debt is original and absolute on the one hand, or merely collateral, on the other, is dependent upon "the intention of the parties, to be ascertained from the language used and from all the surrounding circumstances." (*Clark v Howard,* 150 NY 232, 238.) Here, taking cognizance of the fact that at the time of hospitalization, there was no debt in existence, the concession by Anthony that he had discussed with Dr. Klagsbrun the anticipated future hospital expense and the availability of insurance to cover a significant portion of such expense, there is sufficient in the record to sustain the finding by the jury that there was an original promise by defendant to pay the contemplated future medical/hospital services. The oral promise was enforceable and bound Anthony as an

original and primary obligor, independent from the subsequent separate written agreement by Julia to assume the expenses incurred for services to be rendered. While an issue could have been raised as to whether appellant Anthony Keasbey, sometime during the course of his daughter's hospital stay, properly terminated his primary obligation, on this record, defendants did not object to the Trial Justice's instruction that no such issue had been raised in the case. Accordingly, the issue of termination, not having been raised at trial, may not be tendered for the first time on this appeal. Concur — Murphy, P. J., Fein and Kassal, JJ.

Ross and Silverman, JJ., dissent in part in a memorandum by Silverman, J., as follows: We would also reverse the judgment against defendant Anthony Keasbey and order a new trial as to the claim against Anthony Keasbey. In this action to recover for medical services rendered by plaintiff hospital to Julia Keasbey, daughter of appellants Anthony and May Keasbey, the claim that was submitted to the jury was on an alleged oral promise by appellants to pay for the daughter's treatment, either directly or through defendant Anthony Keasbey's major medical insurance coverage. The only claim of an oral promise is based on a conversation with Anthony Keasbey, in which he is alleged to have said that the difference between the fees that would be covered by his major medical policy and the fees that plaintiff might charge "would be managed by the family." As to the claim against Anthony Keasbey, the trial court erred in not submitting to the jury the question whether Anthony's promise was "a special promise to answer for the debt, default or miscarriage of another person" required to be in writing under the Statute of Frauds. (General Obligations Law, § 5-701, subd a, par 2.) Defendants pleaded this provision of the Statute of Frauds as an affirmative defense. It appears from the evidence that appellants' daughter Julia was an adult, emancipated and with a trust fund for her benefit. She had made the first contact with the hospital before the conversation between the hospital's representative and her father Anthony. After her admission to the hospital, she signed a written agreement to be responsible for her hospital bills. No such agreement was ever signed by either appellants, Anthony or May. Accepting the testimony as to the conversation between the hospital representative and defendant Anthony, there was on these facts at least a question of fact whether defendant Anthony's promise was "a special promise to answer for the debt, default or miscarriage of another person", i.e., his daughter, Julia, or whether it was an original obligation not covered by the Statute of Frauds. "When the primary debt continues to exist, the promise of another to pay the debt may be original or it may not be, but it is regarded as original only when the party sought to be charged clearly becomes, within the intention of the parties, a principal debtor primarily liable." (*Richardson Press v Albright,* 224 NY 497, 502.) Again the Court of Appeals said: "Prof. Williston says: 'The true test of the validity of a new oral promise should be: Is the new promisor a surety?' [1 Williston, Contracts, § 475.] If, as between the promisor and the original debtor, the promisor is bound to pay, the debt is his own and not within the statute. 'Contrariwise if as between them the original debtor still ought to pay, the debt cannot be the promisor's own and he is undertaking to answer for the debt of another.' (*Id.*)" (*Witschard v Brody & Sons,* 257 NY 97, 99.) It was for the jury to say whether the primary debt was the obligation of Julia (either under her written agreement or her implied-in-fact obligation as a patient to pay for medical services rendered to her), and whether it was "the intention of the parties" that Anthony should become "a principal debtor primarily liable." The court did not submit these questions of fact to the jury. Instead, the court merely said that: "Plaintiff claims that there is an understanding or agreement between the plaintiff and the Keasbey family that the plaintiff would be

paid directly or through the making a claim through Mr. Keasbey's major-medical insurance coverage. In order to recover the plaintiff must establish by a fair preponderance of the credible evidence that there was such an agreement expressed or implied between the plaintiff and the defendants for such services * * * Your first inquiry will be whether there was an express agreement between Mr. Klagsbrun on behalf of the Four Winds Hospital and the Keasbeys and if so, what was the sum agreed upon, if any, and what services it was agreed which that sum would cover." Defendants asked the court to charge the Statute of Frauds to the jury. The Judge instead charged the jury that: "The fact that the promise was oral rather than made in writing is not relevant to your determination." Defendant excepted to this portion of the charge and to the failure to charge the Statute of Frauds. The Judge thus, over defendants' objection, took away from the jury the issue of the Statute of Frauds. In our view, this was error requiring a new trial as against defendant Anthony Keasbey.