■ F & C GENERAL CONTRACTORS CORP., Appellant, v ATLANTIC MUTUAL MORTGAGE CORPORATION, Defendant, and SHIRLEY HORSFORD, Respondent. [612 NYS2d 871] —In an action to foreclose a mechanic's lien, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 10, 1992, as granted the respondent's motion to vacate a judgment entered June 22, 1990, against her, upon her default in answering.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, we find that, under the facts of this case, the Supreme Court did not improvidently exercise its discretionary power in vacating the default judgment entered against the respondent. "It is well established that, independent of statutory provisions, the court rendering a judgment, in its inherent power and control over its own proceedings, may vacate that judgment where it appears that substantial justice will be [served] and injustice prevented thereby" (8A Carmody-Wait 2d, NY Prac § 63:309, at 632; see also, Lane v Lane, 175 AD2d 103; Town of Green-

*burgh v Schroer,* 55 AD2d 602). The exercise of this inherent power is not subject to the one-year limitations period set forth in CPLR 5015 *(see, McMahon v City of New York,* 105 AD2d 101, 106).

In the instant case, given the meritorious defenses asserted by the respondent and the excuse proffered for her default, we concur with the Supreme Court's determination that the interests of substantial justice are served by permitting her to interpose an answer, although she did not move to vacate her default within one year *(see,* CPLR 5015). Accordingly, the Supreme Court properly granted her motion to vacate the default. Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.