■ CAROL A. IADAROLA et al., Appellants, v ORTHOPEDIC INSTITUTE et al., Defendants, and RALPH L. BERNSTEIN et al., Respondents. [679 NYS2d 315] —In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated September 30, 1997, as denied the motion of their counsel Cardali & Cardali, P. C., for leave to withdraw as counsel for the plaintiffs, and for a stay of automatic dismissal of the action pursuant to CPLR 3404, and granted the cross motion of the respondents Ralph L. Bernstein and Andrew Rosenberg to dismiss the action insofar as asserted against them pursuant to CPLR 3404.

Ordered that the order is reversed insofar as appealed from, with costs payable by the respondents, that branch of the motion which is for leave to withdraw as counsel is granted, and that branch of the motion which is for a stay of the automatic dismissal of the action pursuant to CPLR 3404 is dismissed as academic; and it is further,

Ordered that within 30 days after service upon the plaintiffs' counsel of a copy of this decision and order with notice of entry, the plaintiffs' counsel shall (1) personally serve the plaintiffs with a copy of this decision and order, with notice of entry, by certified mail, return receipt requested, and by ordinary mail with proof of mailing, which should constitute notice to appoint another attorney pursuant to CPLR 321 (c), and (2) serve a copy of this decision and order, with notice of entry, by ordinary mail, with proof of mailing, upon the attorneys for the respondents; and it is further,

Ordered that upon the filing of proof of such service with the Clerk of the Supreme Court, Kings County, the plaintiffs' counsel shall be relieved as counsel for the plaintiffs; and it is further,

Ordered that all proceedings in this action, including the de-

termination of the cross motion of the respondents, are stayed until 30 days after service upon the plaintiffs is completed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for a new determination of the cross motion, after the expiration of that 30-day period.

That branch of the motion by the plaintiffs' counsel which was to stay the one-year deadline to restore the case to the trial calendar was made just as the one-year period expired. Accordingly, that branch of the motion was academic before the motion was returnable.

However, the denial of that branch of the motion which was for leave to the plaintiffs' counsel to withdraw as counsel was an improvident exercise of discretion (*see, Winters v Rise Steel Erection Corp.,* 231 AD2d 626). Until the plaintiffs are afforded the opportunity to retain new counsel, who can move to vacate the automatic dismissal pursuant to CPLR 3404 (*see, Civello v Grossman,* 192 AD2d 636), the respondents' cross motions should be held in abeyance (*see,* CPLR 321 [c]; *Chavoustice v Shaad,* 133 AD2d 532; *Matter of Allstate Ins. Co. v Phillips,* 128 AD2d 518). Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur.