(October 27, 2003)

■ MARK ALBERT, Respondent, v ALLISON ALBERT, Appellant. [766 NYS2d 362] —In an action for a divorce and ancillary relief, the defendant wife appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Raab, J.), dated August 15, 2002, as granted the plaintiff husband's motions for arrears due under a pendente lite order of the same court dated October 5, 2001, to hold the defendant in contempt of that order, for an award of an interim counsel fee, for an order of preclusion based upon the wife's failure to comply with discovery demands, and for immediate sale of the marital residence, rental property owned by the defendant in Farmingdale, and rental property owned by the defendant in Centereach, and denied the defendant's cross motion, inter alia, for downward modification of her obligations pursuant to the pendente lite order, (2) from an order of the same court

dated September 10, 2002, which appointed the plaintiff temporary receiver of the defendant's real properties for the purpose of effecting the sale of those properties, (3) from a money judgment of the same court dated October 10, 2002, awarding the plaintiff $53,701 in arrears and $34,091 as an interim counsel fee, and (4) by permission, from an order of the same court dated December 13, 2002, which directed the sale of the marital residence and the defendant's rental property in Farmingdale to the "present high bidder."

Ordered that the order dated August 15, 2002, is reversed insofar as appealed from, the orders dated September 10, 2002, and December 13, 2002, and the money judgment dated October 10, 2002, are vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the motions and the cross motion and for a trial and determination of equitable distribution of marital property to be held with all deliberate speed; and it is further,

Ordered that the appeals from the orders dated September 10, 2002, and December 13, 2002, and the judgment dated October 10, 2002, are dismissed as academic, in light of our determination on the appeal from the order dated August 15, 2002; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On August 7, 2002, the Supreme Court granted the motion of the defendant's attorney to be relieved, over the defendant's objection. At that juncture, the plaintiff's counsel acknowledged "there is a provision for some type of an interim stay to be granted to the defendant for the purpose of allowing her to obtain new counsel." The custody trial was adjourned until September 10, 2002, and the court directed the defendant to "obtain new counsel before that date."

Nevertheless, on August 12, 2002, after the defendant pro se informed the court that she had not had "enough time" to retain a new attorney, the court proceeded with oral argument on the plaintiff husband's motions for alleged arrears due pursuant to the pendente lite order dated October 5, 2001, to hold the defendant in contempt of that order, for an award of interim counsel fees, for an order of preclusion based upon the defendant's alleged contemptuous failure to comply with discovery demands, and for immediate sale of the marital residence, rental property owned by the defendant in Farmingdale, and rental property owned by the defendant in Centereach, and the defendant's cross motion, inter alia, for downward modification of her obligations pursuant to the pendente lite order.

In the order appealed from dated August 15, 2002, the court granted the plaintiff a conditional order of preclusion which became final on August 30, 2002, awarded the plaintiff interim counsel fees in the event that the order of preclusion became final, held the defendant in contempt of the pendente lite order, awarded the plaintiff arrears allegedly due pursuant to the pendente lite order, directed the sale of the marital residence and the two rental properties owned by the defendant, and denied the defendant's cross motion, inter alia, for downward modification of her support obligations. Since the defendant was not represented by counsel and was not afforded a sufficient opportunity to retain new counsel, this determination was improper and must be set aside. The orders appealed from dated September 10, 2002, and December 13, 2002, and the money judgment appealed from dated October 10, 2002, are based upon that determination and therefore must be vacated.

The interim stay provision is CPLR 321 (c) which provides that "[i]f an attorney dies, becomes physically or mentally incapacitated, or is removed, suspended or otherwise becomes disabled at any time before judgment, no further proceeding shall be taken in the action against the party for whom he appeared, without leave of the court, until thirty days after notice to appoint another attorney has been served upon that party either personally or in such manner as the court directs." This provision applies if, as in the instant case, counsel moves to be relieved, the client objects, and counsel is removed by court order (*see Iadarola v Orthopedic Inst.,* 254 AD2d 461, 462 [1998]; *Fernandez v Minsky,* 242 AD2d 665 [1997]; *Johnson & Sons Enters. v Brighton Commons Partnership,* 171 AD2d 1059, 1060 [1991]).

Upon remittitur, the Supreme Court shall render a new determination with respect to the plaintiff's motions and the defendant's cross motion in issue and proceed to a trial and determination on the issue of equitable distribution of property with all deliberate speed. In light of our determination, the parties' remaining contentions need not be addressed at this juncture. Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.