OPINION OF THE COURT
Per Curiam.
Order, dated July 16, 2009, modified to grant that branch of defendants’ cross motion seeking dismissal of the complaint as against defendant Jill S. Haber, and as so modified, affirmed, without costs.
Plaintiff and defendant James Haber entered into a contract pursuant to which plaintiff agreed to provide a designated 16-piece band on a specified date to perform at Mr. Haber’s son’s bar mitzvah. Mr. Haber was to pay approximately $30,000 for the band’s services. The contract contained a liquidated damages clause stating, in pertinent part,
“If [the contract] is terminated in writing by [Mr. Haber] for any reason within ninety (90) days prior to the engagement, the remaining balance of the contract will be immediately due and payable. If [the contract] is terminated in writing by [Mr. Haber] for any reason before the ninety (90) days period, 50% of the balance will be immediately due and payable.”
Less than 90 days prior to the date of the bar mitzvah, Mr. Haber sent a letter to plaintiff notifying it that he was cancel-ling the contract. After Mr. Haber refused plaintiffs demand that he pay the remaining amount due under the contract— approximately $25,000 — plaintiff commenced this action against *43 Mr. Haber and his wife, defendant Jill Haber. Civil Court granted plaintiffs motion for summary judgment on its cause of action to enforce the liquidated damages clause and denied defendants’ cross motion for partial summary judgment dismissing that cause of action and the complaint as against Mrs. Haber.
Given the nature of the contract and the particular circumstances underlying this case (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 379 [2005]), Civil Court correctly determined that the subject provision of the contract is an enforceable liquidated damages clause, not an unenforceable penalty (see Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420 [1977]).
“The clause, which in effect uses an estimate of [plaintiffs] chances of re-booking the [band] as the measure of [its] probable loss in the event of a cancellation, reflects an understanding that although the expense and possibility of re-booking a canceled [performance] could not be ascertained with certainty, as a practical matter the expense would become greater, and the possibility would become less, the closer to the [performance] the cancellation was made, until a point was reached, days before [the performance], that any effort to re-book could not be reasonably expected” (:Turner-Schraeter v Brighton Travel Bur., 258 AD2d 393, 393-394 [1999]).
Defendants’ argument that the cause of action to enforce the liquidated damages clause must be dismissed because the clause does not comply with the type size requirement of CPLR 4544 is without merit. In an effort to demonstrate that the clause did not comply with the statutory type size requirement, defendants submitted a copy of the contract with the image of a ruler imprinted in the margin. However, defendants failed to establish that the type size of the copy they submitted is identical to that of the original contract, a critical failure given the precision with which type size must be measured and calculated (see CPLR 105 [t]). Therefore, defendants failed to raise a triable issue as to whether the clause violated the statutory type size requirement (see Tsadilas v Providian Natl. Bank, 13 AD3d 190 [2004], lv denied 5 NY3d 702 [2005]; cf. Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]).
We agree with defendants that the complaint should be dismissed as against Mrs. Haber. The contract was signed only *44 by Mr. Haber, and no triable issue exists as to whether Mr. Haber executed the contract as Mrs. Haber’s agent. We note in this connection that an agency relationship may not be implied or inferred solely by reason of the marital relationship of the couple (see Four Winds Hosp. v Keasbey, 92 AD2d 478 [1983], mod on other grounds 59 NY2d 943 [1983]; Kozecke v Humble Oil & Ref. Co., 46 AD2d 986 [1974]).
Schoenfeld, J.E, Shulman and Hunter, JJ., concur.