LINDA S. STASIAK, Formerly Known as LINDA S. FORLENZA, Respondent, v JOSEPH FORLENZA, Appellant. [925 NYS2d 518]—

In an action to recover damages for breach of a separation agreement, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated March 10, 2010, which denied his motion pursuant to CPLR 5015 (a) (3) and (4) to vacate two judgments of the same court entered

March 2, 2009, and July 8, 2009, respectively, in favor of the plaintiff wife and against him in the principal sums of $19,806.83, and $150,061.17, respectively.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, and the motion to vacate the judgments entered March 2, 2009, and July 8, 2009, respectively, is granted, and the judgments are vacated.

The plaintiff wife and the defendant husband entered into a separation agreement in May 2005. Pursuant to that agreement, in exchange for the wife's interest in the parties' pool service business, the husband was required to (1) pay the wife $200 per month for 10 years or until the wife remarried, (2) pay the wife's health insurance premiums in an amount up to $1,000 per month for 10 years, and (3) provide the wife cell phone access for 10 years, except that his obligation to provide cell phone access was not to exceed $350 per month. The agreement also provided that the parties would maintain their present life insurance in the amount of $150,000 each for 10 years, to be paid for by the husband. It is undisputed that, for about two years, the husband fulfilled these obligations.

In October 2007 the wife commenced this action to recover damages for breach of the separation agreement, alleging that, over the preceding few months, the husband had failed to meet his obligations under the agreement. The complaint demanded a judgment against the husband "in the amount of $3160.28 together with sums due and owing to be computed to the date of entry of the judgment together with reasonable counsel fees, costs and disbursements, and such other relief as the court may deem just and proper." In his answer, the husband asserted a counterclaim for a divorce pursuant to Domestic Relations Law § 170 (6) on the ground that the parties had lived separate and apart pursuant to a written agreement of separation for a period of one year or more and that he had substantially performed all of the terms and conditions of the agreement. In her reply to the husband's counterclaim, the wife denied that the husband had substantially complied with all of the terms and conditions of the separation agreement.

On or about September 2, 2008, the wife moved, in effect, for summary judgment on the complaint. Prior to the resolution of that motion, in an order dated January 8, 2009, the Supreme Court granted the motion of the husband's attorney to withdraw as his attorney of record based on the husband's inability to pay him pursuant to his retainer agreement. The order provided that the husband's attorney was to personally serve the husband with a copy of the order within 10 days of the date of the order,

that the service upon the husband was to constitute notice pursuant to CPLR 321 (c) to appoint another attorney or to represent himself, and that all other proceedings in the matter were to be stayed for 30 days from the date of the order.

Despite the stay of proceedings provided for in the order dated January 8, 2009, in an order dated January 12, 2009, the Supreme Court granted the wife's unopposed motion, in effect, for summary judgment on the complaint, stating that the wife was entitled to a judgment against the husband in the sum of $14,376.83, representing the arrears due under the separation agreement as of August 14, 2008, plus an attorney's fee in the sum of $5,430. A judgment· was entered upon the order on March 2, 2009, in favor of the wife and against the husband in the principal sum of $19,806.83.

Meanwhile, after the husband did not appear at a preliminary conference scheduled for February 9, 2009, the wife's attorney served him with a "Notice of Inquest," which notified the husband that "issues of law and fact in this action will be brought to trial and an inquest taken thereon." The husband appeared at the inquest without counsel, but he did not ask any questions or present any testimony. At the inquest, the wife testified that for the first 26 months after the parties entered into the separation agreement, the husband fully complied with his obligations under the agreement. She testified, however, that in May 2007, he "stopped paying." The wife testified that she was owed the sum of $169,868, which constituted all of the amounts the husband allegedly was required to pay over the 10-year period after the date of the separation agreement, minus the amounts due and paid in the first 26 months, plus $8,000 as an attorney's fee. At the conclusion of the inquest, the Supreme Court stated that it would award the wife $169,868 minus the amount of the judgment entered on March 2, 2009 ($19,806.83), for a total of $150,061.17. The Supreme Court also granted the wife's request to dismiss the husband's counterclaim for divorce. A second judgment was subsequently entered on July 8, 2009, in favor of the wife and against the husband in the principal sum of $150,061.17.

In October 2009, after the husband's family provided him with new counsel, the husband moved to vacate the two judgments pursuant to CPLR 5015 (a) (3) and (4). The Supreme Court denied the motion. We reverse.

The order dated January 12, 2009, granting the wife's unopposed motion, in effect, for summary judgment on the complaint, was rendered at a time when the proceedings were stayed pursuant to both the order dated January 8, 2009, and CPLR 321

(c) (*see Moray v Koven & Krause, Esqs.*, 15 NY3d 384, 388-390 [2010]; *Albert v Albert*, 309 AD2d 884, 886 [2003]; *Chavoustie v Shaad*, 133 AD2d 532 [1987]). Thus, the Supreme Court erred in issuing the judgment entered March 2, 2009, upon the order dated January 12, 2009. Accordingly, the Supreme Court should have granted that branch of the husband's motion which was to vacate the judgment entered on March 2, 2009, pursuant to CPLR 5015 (a) in the interests of substantial justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Wade v Village of Whitehall*, 46 AD3d 1302, 1303 [2007]; *F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp.*, 202 AD2d 629, 630 [1994]; *Lane v Lane*, 175 AD2d 103, 105 [1991]).

The Supreme Court also erred in issuing the judgment entered July 8, 2009. At the time of the inquest, the wife had already been granted all of the relief she requested in the complaint, and the husband had no notice that the wife would be seeking an additional award far greater than that sought in the complaint. Moreover, the husband had no representation at the inquest, and did not ask any questions or present any evidence. Based on the wife's testimony that she was owed a particular amount, the Supreme Court awarded her all of the sums that could potentially become due over the 10-year period following the date of the separation agreement. Because the separation agreement did not contain an acceleration clause, the wife was not entitled to these sums at time she made the request (*see Long Is. R.R. Co. v Northville Indus. Corp.*, 41 NY2d 455, 466 [1977]; *McCready v Lindenborn*, 172 NY 400, 408 [1902]; *Runfola v Cavagnaro*, 78 AD3d 1035 [2010]; *Zarembka v Zarembka*, 81 AD2d 742 [1981]; *Gutman v Gutman*, 51 AD2d 535, 536 [1976]). Further, the amount awarded in the judgment entered July 8, 2009, was based on the assumption that the husband would be required to pay the maximum $1,000 per month for the wife's health insurance premiums and $350 per month for the wife's cell phone expenses, while the evidence the wife submitted in support of her earlier motion, in effect, for summary judgment on the complaint showed that her actual monthly health insurance and cell phone expenses were usually substantially less than these amounts. Accordingly, the Supreme Court should have granted that branch of the husband's motion which was to vacate the judgment entered July 8, 2009, pursuant to CPLR 5015 (a) in the interests of substantial justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d at 68; *Wade v Village of Whitehall*, 46 AD3d at 1303; *F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp.*, 202 AD2d at 630; *Lane v Lane*, 175 AD2d at 105).

The husband's remaining contentions either are without

merit or need not be reached in light of our determination. Covello, J.P., Lott, Roman and Miller, JJ., concur.