*1094 OPINION OF THE COURT
Martin J. Schulman, J.
The underlying facts of this action illustrate the possible fraud and overreaching causing, in part, the recent mortgage foreclosure crisis.
Plaintiff One West Bank FSB moves for an order pursuant to CPLR 3213 granting it summary judgment in lieu of complaint in this action to foreclose an equitable lien against the real property located at 90-46 187th Street, in the County of Queens, State of New York, pursuant to an amended judgment dated June 22, 2012, which was granted in a related action entitled Bernard-Cadet v Gobin, bearing index No. 8807/06 (action No. 1, the Cadet action). Kettly Bernard-Cadet (Cadet) commenced that action pursuant to RPAPL 1515 seeking a judgment declaring as null and void two deeds allegedly transferring title and ownership of the property at issue. For the following reasons, the motion is denied in its entirety.
The pertinent facts, as gleaned from the verified complaint in the Cadet action, are as follows:
Cadet grew up in the subject premises, a two-family house, with her mother who, at the time of the filing of the complaint, resided in the premises. In 1999, Cadet moved out of the house with her five children, relocating first to Atlanta, and then to Long Island. In 2002, after her stepfather passed away from Alzheimer’s disease, Cadet discovered that her stepfather had not made any mortgage payments “for a considerable time,” and that her mother had trouble retaining tenants. In order to preserve the house for her aging mother, Cadet attempted to refinance the mortgage. The complaint alleges that due to her ignorance and poor credit, Cadet was induced into a number of predatory schemes, although no details are provided as to these schemes. In April 2004, Cadet acquired title and executed a mortgage to Argent Mortgage Company.
Cadet then had trouble with the mortgage payments, and a friend, nonparty Paul Shortridge, suggested that she reach out for assistance and guidance from defendant Peter J. Mollo, an attorney. Plaintiff met with Mollo in November 2004, and entered into an informal loan agreement with him where he would advance funds to her from Shortridge’s paycheck for construction work Shortridge was doing for Mollo. Mollo also suggested that his secretary, defendant Shantal Gobin, could help her resolve her mortgage problems for a fee of $20,000, *1095 even though Cadet allegedly did not have any understanding of the nature of such help. Cadet then returned to Georgia, and did not return to New York until March 8, 2005. She met with Mollo again, who directed her to make the mortgage payments directly to him. Cadet then paid Mollo $2,600, an amount higher than her usual mortgage payment, believing that the reason for the increase was to repay Mollo for arrears. Cadet did not return to New York until June 2005, at which time she was asked by Mollo to sign what she thought was a one-page agreement to pay the mortgage to Gobin. Cadet then heard from Shortridge that there had been a closing. Mollo, however, denied that there had been a closing, and refused to provide any documentation to Cadet, including a copy of the agreement he had asked her to sign. As a result, Cadet told Mollo that she would not make any mortgage payments to him until he disclosed what happened with her mortgage and gave her copies of the papers.
In August 2005, Cadet moved back into the premises, and in November 2005, Gobin commenced a nonpayment action against Cadet in Civil Court, Queens County. Cadet then downloaded the transfer documents from the website of the City Register (ACRIS), and discovered that title to the subject property had been transferred to Gobin, and that the signature on the deed and the transfer documents had all been forged, and that Mollo had signed and notarized the purported deed transfer, alleging that Cadet had personally appeared before him on March 2, 2005. Cadet then contacted the title company, and learned that a closing had taken place on March 3, 2005, one day after the purported deed transfer. On March 2, 2005, Gobin executed two mortgages to defendant Long Beach Mortgage Company, for a total of $410,250. On both March 2 and March 3, 2005, Cadet was in Georgia.
During discovery, Cadet obtained a document dated January 11, 2005, by which she purportedly gave a power of attorney to Mollo for “real estate transactions,” namely, “transfer of 90-46 187th Street Hollis NY 11423.” Mollo presented the March 3, 2005 power of attorney at the closing, together with an “affidavit that power of attorney is in full force” that averred that he had been appointed by Cadet as the attorney-in-fact. The HUD-1 statement shows that Cadet, as the purported seller, was to receive $79,467.19 (after closing costs and payoff of the mortgage at $299,256.84); and a copy of the front of a check made out to Peter J. Mollo shows that he received $56,479.28 from the sale proceeds.
*1096 To date, Cadet has received no proceeds from the sale.
Nevertheless, Gobin thereafter conveyed title to Mahar Nessa on January 30, 2006, for a sale price of $435,000. On January 30, 2006, Nessa executed and delivered two mortgages to Indy-Mac for a total of $413,250. Defendant Mortgage Electronic Registration Systems, Inc. was the nominee for IndyMac. Cadet and her family then faced eviction proceedings.
In April 2006, Cadet commenced the underlying action pursuant to RPAPL 1515 seeking a judgment declaring as null and void the two deeds allegedly transferring title and ownership of the property at issue, as well as the mortgages made by Nessa.
Pursuant to a stipulation dated June 4, 2009, which was so-ordered by Judicial Hearing Officer (JHO) Joseph J. Risi on June 7, 2010, Cadet agreed that if she was awarded judgment on her complaint as plaintiff in the Cadet action, then One West Bank FSB would have an equitable lien against the premises in an amount of the payment of any prior liens, encumbrances and taxes. This stipulation was amended by a supplemental stipulation dated January 8, 2010, which was also so-ordered by JHO Risi on June 7, 2010, to correct the date of the calculation of interest.
A nonjury trial in the Cadet action was conducted for a four-day period before JHO Risi, who issued his report on February 14, 2011. JHO Risi determined that the plaintiff failed to show, by clear and convincing evidence, inter alia, that the deed and transfer documents which conveyed title to the subject property from the plaintiff to defendant Shantal Gobin were forged, and recommended that the complaint be dismissed. By order dated March 14, 2011, this court granted the motion submitted by the defendants in action No. 1, Mahar Nessa, Long Beach Mortgage Company, IndyMac Bank FSB and Mortgage Electronic Registration Systems (defendants in action No. 1), which sought to confirm the report of JHO Risi, and plaintiffs complaint in action No. 1 was dismissed.
On May 24, 2011, defendant Gobin moved for entry of judgment dismissing the complaint against her, and on May 31, 2011, defendant Mollo moved for entry of judgment dismissing the complaint against him, based upon the order of this court dated March 14, 2011. Again, both motions were submitted without opposition by plaintiff; separate orders were issued by this court dated June 17, 2011, granting those motions, and directing the Office of the Clerk of Queens County to enter judgment dismissing the complaint against defendants Gobin and Mollo.
*1097 Cadet then appealed the March 14, 2011 decision of this court, and by order dated April 24, 2012, the Appellate Division, Second Department, reversed the March 14, 2011 order, stating the following:
“During the hearing before the JHO, the plaintiff testified that she did not sign the deed and transfer documents which conveyed the property to Gobin. She also presented the testimony of a handwriting expert, who testified that the plaintiffs signatures on these documents were forged. The defendants failed to present any credible evidence that the documents were not forged” (Bernard-Cadet v Gobin, 94 AD3d 1030, 1031 [2012]).
However, the Appellate Division did not grant judgment in the plaintiffs favor, nor did it remand the case to the trial court for any specific action. Furthermore, no party asked the Appellate Division for a clarification of the decision.
Thereafter, on May 15, 2012, defendants Mahar Nessa, Long Beach Mortgage Company, IndyMac Bank FSB and Mortgage Electronic Registration Systems served an order to show cause upon Cadet seeking an amended judgment to reflect the existence of an equitable lien based upon the so-ordered June 7, 2010 stipulation which had been agreed to by Cadet. No opposition to that application was submitted by Cadet, and on June 22, 2012, this court issued an amended judgment on default, which stated, inter alia, that IndyMac Bank FSB, plaintiffs predecessor in interest, was ordered, adjudged, and decreed to be the holder of an equitable lien against the premises, in the amount of $476,226.18 with statutory interest accruing from date of entry until present. Although IndyMac has annexed a copy of the amended judgment to the motion papers, neither a copy of the order to show cause nor the affidavit of service were annexed to the moving papers here.
IndyMac Bank FSB now moves, pursuant to CPLR 3213, for summary judgment in lieu of complaint based on the June 22, 2012, amended judgment. The motion is denied. The Appellate Division never expressly granted plaintiff Cadet judgment on her complaint in the Cadet action when it reversed the March 24, 2011 order of this court confirming the dismissal of that complaint. The underlying stipulation dated June 7, 2010 provides for recognition of the equitable lien only in the event that Cadet was awarded judgment on the complaint. Instead, as indicated by the Appellate Division, Cadet’s complaint challeng *1098 ing the validity of the subsequent deeds has been reinstated and remains unresolved.
Pursuant to CPLR 5015 (a), “[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just.” CPLR 5015 (a) sets forth five grounds upon which a party may be relieved from a judgment or order: (1) excusable default; or (2) newly discovered evidence which would probably produce a different result; or (3) fraud, misrepresentation or other misconduct committed by an adverse party; or (4) lack of jurisdiction to render a judgment or order; or (5) reversal, modification or vacatur of a prior order. However, in Woodson v Mendon Leasing Corp. (100 NY2d 62, 68 [2003]), the Court of Appeals emphasized that the bases for vacating a default order and judgment are not limited to the criteria set forth in CPLR 5015 (a), and can also be “for sufficient reason and in the interests of substantial justice.” The Court explained that the drafters of CPLR 5015 (a) “intended that courts retain and exercise their inherent discretionary power [in contrast to power granted by statute] in situations that warranted vacatur [of default judgments] but which the drafters could not easily foresee” (Woodson v Mendon Leasing at 68 [citations omitted]). This power recognizes the court’s strong preference for deciding cases on their merits (see Wade v Village of Whitehall, 46 AD3d 1302, 1303 [2007]).
Consequently, given the action and findings by the Appellate Division in the Cadet case, and the strong evidence that Cadet was the victim of a scheme to defraud her, as well as to fraudulently induce her to convey her home to more than one “straw buyer,” this court, sua sponte, exercises its inherent power to relieve a party of a judgment entered against them and vacates, in the interests of justice, and pursuant to CPLR 5015 (a) (3), the amended judgment granted on default on June 22, 2012 (see Woodson v Mendon Leasing Corp.; Wells Fargo Bank v Hodge, 92 AD3d 775 [2012]; Nationscredit Fin. Servs. Corp. v Atherly, 91 AD3d 922 [2012]; Stasiak v Forlenza, 84 AD3d 1214 [2011]; Wade v Village of Whitehall; F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp., 202 AD2d 629 [1994]).
Accordingly, it is hereby ordered that this motion by plaintiff, One West Bank FSB, for an order pursuant to CPLR 3213 granting it summary judgment in lieu of complaint is denied in its entirety. The amended judgment dated June 22, 2012 is hereby vacated, and this case shall be placed on the trial calendar, together with the related action entitled Bernard-Cadet v Go- *1099 bin, bearing index No. 8807/06, for joint trial on October 7, 2013, at 9:30 a.m.
The court, sua sponte, hereby vacates the separate default orders of this court dated June 17, 2011, which directed the Office of the Clerk of Queens County to enter judgment dismissing the complaint against defendants Gobin and Hollo, which orders were based on the prior order of this court dated March 14, 2011.