Churchill Corporate Servs., Inc. v Souyun Lee (2024 NY Slip Op 50164(U))

[*1]

Churchill Corporate Servs., Inc. v Souyun Lee

2024 NY Slip Op 50164(U)

Decided on February 22, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 22, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

571373/23

Churchill Corporate Services, Inc., Plaintiff-Respondent,
against
Souyun Lee, Defendant-Appellant, and Wei-Yeh Lee, Defendant.

Defendant Souyun Lee appeals from an order of the Civil Court of the City of New York, New York County (Aija Tingling, J.), entered October 24, 2023, which denied her motion to vacate a default judgment and dismiss the complaint.

Per Curiam.
Order (Aija Tingling, J.), entered October 24, 2023, modified by vacating the default judgment as against defendant Souyun Lee and deeming her answer timely served; as modified, order affirmed, without costs.
Civil Court correctly denied that branch of defendant Souyun Lee's motion seeking vacatur of the default judgment and dismissal of the complaint for lack of personal jurisdiction under CPLR 5015(a)(4). Defendant's affidavit failed to rebut the presumption of proper service created by the affidavit of the process server. The bare and conclusory assertions by defendant that "the summons and complaint were not served" and that she "did not receive the court papers" were not sufficient to rebut the presumption of proper service (see Washington Mut. Bank v Huggins, 140 AD3d 858, 859 [2016]; Grinshpun v Borokhovich, 100 AD3d 551, 552 [2012], lv denied 21 NY3d 857 [2013]). The supplemental affidavit offered in support of the motion to dismiss was improperly submitted for the first time in reply (see Mortgage Elec. Registration Sys., Inc. v Losco, 125 AD3d 733, 733-734 [2015]; Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612 [2018]). 
Nevertheless, in the particular circumstances of this case, we exercise our broad discretionary power to vacate the default "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; see Soldovieri v Flack, 106 AD3d 717, 719 [2013]; Stasiak v Forlenza, 84 AD3d 1214, 1216 [2011]). This action arises [*2]under a written contract, a furniture lease, that is purportedly between plaintiff on the one hand and defendants Souyun Lee and her then-spouse, co-defendant Wei-Yeh Lee on the other. However, the record so far developed raises issues as to whether Souyun signed the contract and is bound by its terms. Wei-Yeh signed the contract on behalf of himself, and his signature also appears under Souyun's printed name. At this juncture, it is unclear if Wei-Yeh was acting as agent for Souyun when he executed the contract. We note in this connection that an agency relationship may not be implied or inferred solely by reason of the marital relationship of defendants (see Four Winds Hosp. v Keasbey, 92 AD2d 478 [1983], mod on other grounds 59 NY2d 943 [1983]; Kozecke v Humble Oil & Ref. Co., 46 AD2d 986 [1974]). In addition, Souyun's moving papers establish that she notified plaintiff's counsel in June 2018, one year before this action was commenced, that Wei-Yeh, whom she was in the process of divorcing, was under court order to pay the fees associated with the contract. In the circumstances, we exercise our discretion so that this matter may be decided on the merits and not on default.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: February 22, 2024