Weiner v Abend (2024 NY Slip Op 06177)

Weiner v Abend

2024 NY Slip Op 06177

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Index No. 651955/23 Appeal No. 3227 Case No. 2024-00353 

[*1]Dena K. Weiner, Plaintiff-Appellant,
v
Randy Abend et al., Defendants-Respondents.

Herrick, Feinstein LLP, New York (Scott E. Mollen of counsel), for appellant.
Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for Randy Abend, respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about November 24, 2023, which, to the extent appealed from, denied plaintiff's motion for summary judgment in lieu of complaint, unanimously reversed, on the law, without costs, and the motion granted.
On her motion for summary judgment in lieu of complaint, plaintiff established a prima facie case by showing the existence of a promissory note securing $2,922,500 and proof that defendants had failed to make the payments called for under the note.
In response to plaintiff's prima facie case, defendant Randy Abend (defendant) did not raise an issue of fact as to whether the $2,922,500 was intended to be a gift to defendant and his then-wife, defendant (and nonparty to this appeal) Ruth Abend. According to defendant's affidavit in opposition to the motion, nonparty David Rozenholc, plaintiff's husband, stated that he and plaintiff were providing the money as a gift with "no strings attached." However, Rozenholc was not a party to the note, and his status as plaintiff's husband was insufficient to confer on him a role as plaintiff's agent (see Four Winds Hosp. v Keasbey, 92 AD2d 478, 479 [1st Dept 1983], mod. on other grounds 59 NY2d 943 [1983]). In addition, defendant identified no words or conduct by plaintiff that could be construed to imbue Rozenholc with apparent authority to speak on her behalf (see Hallock v State of New York, 64 NY2d 224, 231 [1984]). Nor did defendant furnish evidence that plaintiff had "full knowledge" of Rozenholc's purported treatment of the monies as a gift so as to raise a question of fact as to whether plaintiff ratified Rozenholc's statements that the money was intended as a gift instead of a loan (see CIT Tech. Fin. Servs. I LLC v Bronx Westchester Med. Group, P.C., 117 AD3d 567, 567 [1st Dept 2014]). Although defendant notes that plaintiff delayed almost six years after the note came due to enforce the note, "indulgence or leniency in enforcing a debt when due" does not constitute an alteration of the contract (Genger v Genger, 123 AD3d 445, 446 [1st Dept 2014], lv denied 24 NY3d 917 [2015] [internal brackets and quotation marks omitted]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024